Everett S. HAMMAN and Ciella P. Hamman, Appellants,

v.

UNITED STATES of America, Appellee.

No. 19280.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1965.

Certiorari Denied April 26, 1965.

See 85 S.Ct. 1339.

Morris M. Grupp, San Francisco, Cal., for appellants.

Cecil F. Poole, U. S. Atty., James J. Brosnahan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before MADDEN, Judge of the United States Court of Claims, and JERTBERG and DUNIWAY, Circuit Judges.

JERTBERG, Circuit Judge.

Following trial to a jury, the appellants, Everett S. Hamman and Clella P. Hamman, husband and wife, were convicted on the second count of a two count indictment. The first count of the indictment charged that appellants did wilfully and knowingly attempt to evade and defeat "a large part of the income tax due and owing by them * * * for the calendar year 1956 by filing and causing to be filed * * *, a false and fraudulent joint income tax return, wherein it was stated that their taxable income for the calendar year 1956 was $1,227.04, and that the amount of tax due and owing thereon was $245.41, whereas, * * *, their taxable income for the calendar year 1956 was $19,894.25, upon which taxable income there was due and owing to the United States of America an income tax of $5,244.05."

The allegations contained in Count Two of the indictment are the same as those contained in Count One, except that the year for which the violation is charged is 1957, and the income tax return filed for that year stated that the appellant's taxable income for that year was zero and that the amount of tax due and owing thereon was zero, whereas their taxable income for the year was $5,578.66, upon which taxable income there was due and owing an income tax of $1,147.31.

The statute involved, 26 U.S.C. § 7201, in pertinent part provides:

"Any person who willfully attempts in any manner to evade or de-

feat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, on conviction .thereof, shall be fined not more than $10,000, or imprisoned not more than five years, or both, * * *."

The jury returned not guilty verdicts as to appellants under Count One.

The record discloses that from about the middle of 1952 through 1958, the appellants owned and operated a motel located at Fort Bragg, California. When they purchased the motel it had only fourteen rental units. Three additional rental units were added sometime in the year 1954 and four additional rental units were added in 1956. Other improvements were made to the motel in each of the four years, and new furnishings and equipment for the motel were added each year during the said period. The motel was purchased by the appellants on the representation made by the former owners that the gross income derived from the motel operations in 1951 was $17,500.00. The annual gross income from the motel operations for the years 1954 through 1957, as reflected in the income tax returns filed by appellants is:

| 1954 | — | $ 25,493.74 |
| 1955 | — | $ 27,311.12 |
| 1956 | — | $ 31,722.57 |
| 1957 | — | $ 29,754.74 |

The United States relied on the net worth method of proof. To prove the offenses charged in the indictment, the Government introduced evidence to prove annual net worth increases for each of the two indictment years, 1956 and 1957. In order to show a pattern of evasion over a four year period, the United States also introduced evidence tending to prove net worth increases in 1954 and 1955.

The core of the Government's case against the appellants in summary form is as follows:

## COMPUTATION OF NET WORTH

| ASSETS | 12/31/53 | 12/31/54 | 12/31/55 | 12/31/56 | 12/31/57 |
|---|---|---|---|---|---|
| Cash on Hand | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 | $ 2,000.00 |
| Bank Accounts: | | | | | |
| (Commercial—Schedule #1) | 3,318.53 | 7,266.53 | 13,000.19 | 11,194.81 | 9,629.84 |
| (Savings Accounts—Schedule #1) | 2,370.17 | 7,842.16 | 8,509.16 | 6,632.92 | 7,498.88 |
| Motel Land | 12,615.71 | 12,615.71 | 12,615.71 | 12,615.71 | 12,615.71 |
| Motel Buildings and Furnishings (Schedule #2) | 62,952.49 | 80,488.29 | 85,629.21 | 108,552.98 | 115,282.37 |
| Noyo River Property | | | | 13,809.00 | 14,059.00 |
| Investors Stock Fund | | | | 2,060.45 | 2,128.82 |
| Ford Ranchwagon | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 | 2,700.00 |
| Motor Boat | | | | 675.00 | 675.00 |
| Jeep | | | | | 500.00 |
| TOTAL ASSETS | $85,956.90 | $112,912.69 | $124,454.27 | $160,240.87 | $167,089.62 |
| **LIABILITIES AND RESERVES** | | | | | |
| Deed of Trust—Motel Property | $51,074.10 | $48,301.58 | $45,620.23 | $43,054.31 | $40,131.91 |
| Deed of Trust—Noyo Property | | | | 7,734.84 | |
| Reserve for Depreciation | 5,901.75 | 12,016.25 | 19,141.48 | 28,105.20 | 36,461.92 |
| TOTAL LIABILITIES AND RESERVE | $56,975.85 | $60,317.83 | $64,761.71 | $78,894.35 | $76,593.83 |
| NET WORTH | $28,981.05 | $52,594.86 | $59,692.56 | $81,346.52 | $90,495.79 |

## COMPUTATON OF INCOME

| | 1953 | 1954 | 1955 | 1956 | 1957 |
|---|---|---|---|---|---|
| Net Worth—End of Year | $28,981.05 | $52,594.86 | $59,692.56 | $81,346.52 | $90,495.79 |
| Net Worth—Beginning of Year | | 28,981.05 | 52,594.86 | 59,692.56 | 81,346.52 |
| Increase in Net Worth | | $23,613.81 | $7,097.70 | $21,653.96 | $9,149.27 |
| Income Tax Liability as Computed | | $5,504.22 | $924.52 | $4,578.82 | $1,121.93 |
| Income Tax Liability per Return | | 355.06 | —0— | 245.41 | —0— |
| Difference | | $5,149.16 | $924.52 | $4,333.41 | $1,121.93 |

■ The foregoing summary is based upon the oral and documentary evidence adduced by the Government at the trial, and consists of direct evidence from third parties of the assets and liabilities of the appellants during the years in question, together with the filed income tax returns of the appellants and oral admissions made by the appellant, Everett S. Hamman. We are convinced by our review of the record that the summary properly reflects all of the assets and liabilities of the appellants, and establishes with reasonable certainty the opening net worth of appellants for the year 1957, and the increase in net worth for that year. The oral admissions of the appellant, Everett S. Hamman, were thoroughly investigated and were corroborated. When first interviewed concerning his tax returns, said appellant stated that a relative had repaid a $12,000 loan during 1956 and '57, and such sum was deposited in a bank account. When the Government agents were unable to locate such deposits, he stated that the money had been used in the purchase of river property. The relative testified on behalf of the Government that he had never made such payment. At a later interview said appellant stated that when the appellants sold their Oakland house in 1952, eight or nine thousand dollars left from the proceeds of such sale was placed in the bank and were used to make motel improvements. Neither sum was included in the computations appearing in the above summary, or in computations introduced into evidence by the appellants. Further investigation revealed that the proceeds received by the appellants from the sale were only $958.39. Further investigation revealed that appellants had received, during the years in question, no gifts or inheritance.

At the trial evidence was introduced on behalf of the appellants concerning a cash hoard which, if believed by the jury, would have upset the computations contained in the above summary. Appellant, Everett S. Hamman, testified that when he came back from overseas service as a Seabee following the second World War, he brought with him from eighteen to nineteen thousand dollars cash, mostly derived from gambling, which he concealed in one manner and another until he purchased the motel in 1952 at which time he put the money into a metal box which was hidden on the premises. He did so because of a long-standing fear of banks and a desire to have some measure of undisclosed financial security. Appellant, Clella P. Hamman, testified that the funds were gradually transferred from the hiding place into their bank accounts and used over the years in the motel operations. It developed that appellant, Everett S. Hamman had done extensive banking in the past, and that during the period when he claimed to have had the $18,000 in cash, he borrowed $3700.00 at 6% interest, and that in 1948 he reported to the Veterans Administration that he was financially unable to pay hospital expenses.

While appellants' specification of errors embraces eight stated errors, it appears in the opening brief as follows:

"Appellants are restricting their presentation to two major issues which they feel encompass generally all of the specifications of errors listed hereinabove in IV. These issues are:

"(1) That the admission of evidence relating to 'other offenses' of alleged understatement of income for the years 1954 and 1955 was erroneous and prejudicial:

"Basically, it is appellants' position that where it is the act of understatement which is in issue, and neither the intent nor the identification of the appellants is in issue, then

"(a) it is error to admit evidence of the commission of other or similar offenses to prove an intent which is not in issue, and

"(b) it is error to admit such evidence for the purpose of establishing a pattern where identification or modus operandi by similar acts is not an issue in the case.

"(2) That proof of an understatement of income by the net worth method requires the establishment with reasonable certainty by the prosecution of the net worth of the taxpayer at the beginning of the year of the alleged understatement.

"It is appellants' position that where a series of computations are presented which set forth a series of alleged annual net worth increases for the consecutive years 1954 through 1957, both inclusive, the ending net worth of each year obviously represents the beginning net worth of the next year. By way of example the ending net worth figure for 1956 would be the beginning net worth figure for 1957.

"The verdict of the jury finding appellants 'not guilty' of understating their income for the calendar year of 1956 did reject either one or all of the following,

"(1) the government's beginning net worth figure for the year of 1956; or

"(2) the ending net worth figure for the year 1956; or

"(3) the alleged increase in net worth for the calendar year of 1956.

Regardless of which of these alternative determinations were made by the jury, it follows that the chain of net worth beginning and ending figures from 1954 forward was erroneous and totally inaccurate, and that as a result the government failed to establish the beginning net worth for 1957 with reasonable certainty."

■ We shall first consider (1) above. During the Government's case in chief, the District Court, over appellants' objection, permitted the Government to introduce into evidence exhibits as well as testimony tending to prove understatement of income tax by appellants for the years 1954 and '55. This evidence was admitted by the District Court solely for the purpose of showing a pattern of evasion on the part of the appellants bearing upon the intent of the appellants to violate the statute for the years set forth in the indictment, and the jury was properly instructed as to the limited purpose for which such evidence was received. Appellants concede that evidence of similar offenses is admissible to establish intent or knowledge where the defendant denies such intent or knowledge, but contend that since lack of intent, lack of knowledge, or willfulness was never raised as a defense, such evidence was not admissible as a part of the Government's case in chief. The statute involved, quoted supra, makes willfulness an essential element of the offense. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Willfulness was put in issue by appellants' pleas of not guilty, and the burden of proof of that element was upon the Government. Holland v. United States, supra. It was an issue which the Government could not ignore in its case in chief without running the risk of facing a motion to acquit at the close of the Government's case because of failure of proof on an essential and indispensable element of the offense. See Rule 29, Federal Rules of Criminal Procedure.

■ Appellants further contend that such evidence was improperly admitted since a proper foundation was not laid showing that appellants willfully evaded taxes for such years. Understatement of income tax in prior years, without further evidence of willfulness, is admissible to show intent. See United States v. Frank, 245 F.2d 284 (3rd Cir. 1957), C.D. 355 U.S. 819, 78 S.Ct. 25,

2 L.Ed.2d 35 (1957); Holland v. United States, supra. This Circuit has held such evidence admissible in a tax evasion case to establish fraudulent intent as to the offense charged. Mitchell v. United States, 213 F.2d 951 (9th Cir. 1954).

■ Under (2) above, appellants contend that their conviction under Count Two must be reversed because of insufficiency of the evidence to sustain the conviction. Their argument is premised on the fact that "not guilty" verdicts were returned as to the offense charged in Count One relating to the year 1956. They argue that the "not guilty" verdicts import a repudiation by the jury of the Government's net worth computations for 1956 and the preceding years, and that since the opening net worth figure for the year 1957 was the same as the closing net worth figure for 1956, the opening net worth figure for 1957 has no evidentiary support. We believe such reasoning to be specious since there is no way of determining the reasons which prompted the jury to return verdicts of acquittal for the year 1956. We refuse to speculate on the subject. See Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Our concern is whether the evidence is sufficient as a matter of law to sustain the conviction, and we believe it to be.

■ Finally, appellants contend that the proof is insufficient to establish that the increased net worth for the year 1957 resulted from taxable income received in that year. The motel operations of the appellants as a likely source of such increased net worth was established with reasonable certainty, and in light of the evidence presented by both parties the jury could reasonably find, beyond a reasonable doubt, that the increased net worth resulted from unreported rentals received in 1957 from the motel operations.

The judgment of conviction is affirmed.