**Abraham Robert AYASH, Also Known As Robert Crail, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8058.**

United States Court of Appeals
Tenth Circuit.

Oct. 29, 1965.

**1010**

George J. Francis, Denver, Colo., for appellant.

Burton Berkley, Atty., Dept. of Justice, Washington, D. C. (John B. Jones, Jr., Acting Asst. Atty. Gen., Lee A. Jackson and Joseph M. Howard, Attys., Dept. of Justice, Washington, D. C. on the brief), for appellee.

Before PICKETT and SETH, Circuit Judges, and DOYLE, District Judge.

PICKETT, Circuit Judge.

The appellant, Ayash, appeals from his conviction on a 3-count indictment charging him with willfully and knowingly making and subscribing false income tax returns for the calendar years 1957 and 1958, in violation of 26 U.S.C. § 7206(1), and with willfully and knowingly failing to make and file an income tax return for the year 1959, in violation of 26 U.S.C. § 7203.

Ayash first contends that the trial court's extensive examination of both prosecution and defense witnesses deprived him of a fair and impartial trial. The trial Judge is not a mere moderator or umpire in the trial of a case in federal court, and, within reasonable bounds, he has the right to participate in eliciting the truth. He should, however, be careful not to become an advocate for any of the parties. As we said in Fischer v. United States, 10 Cir., 212 F.2d 441, 444, one of the court's functions "is to see that all relevant facts are brought intelligibly to the attention of the jury and it may intervene in the conduct of a trial for this purpose. The court has the power, within reasonable bounds, to question a witness for the purpose of eliciting the truth * * *." See, also, Jordan v. United States, 10 Cir., 295 F.2d 355, cert. denied 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed.2d 438; Frank v. United States, 10 Cir., 220 F.2d 559; Fritts v. United States, 10 Cir., 80 F.2d 644. An examination of the record discloses that all the questioning by the court was conducted in a moderate and dispassionate manner and with no instance of partiality. Furthermore, the court instructed the jury that there was "no significance at all on the merits of the case by reason of the fact that the court, rather than counsel, interrogated the witness. I'm not taking sides in any respect. I'm simply trying to make the case run along a little more expeditiously." Although the court took an active part in the development of the evidence, we find no abuse of discretion.

Complaint is made that during the trial the court failed to require the government to produce material from its files for the purpose of cross-examination of the witness Clifford A. Rich, a special agent of the Internal Revenue Service. In September, 1960, Rich was assigned to examine into the income tax affairs

of the defendant Ayash for different years, including 1957, 1958 and 1959. This assignment led to the interviewing of prospective witnesses and to the examination of many documents and bank accounts which were related to transactions conducted by Ayash during the years in question. When the investigation was completed, Rich submitted his report and recommendations to the Utah District Director of Internal Revenue Service. During the trial, to establish Ayash's income for those years, numerous exhibits were received in evidence after identification by Rich and other witnesses. There were also several witnesses who testified in regard to various transactions of the taxpayer during those years. As the government's final witness, Rich was recalled to the witness stand to identify a number of exhibits which he had prepared from an examination of all the exhibits received in evidence and after having heard the testimony of all the prosecution witnesses. He described these exhibits as a "summary" of all of the evidence of the prosecution.[1]

Counsel for Ayash then demanded that the government, for cross-examination purposes, deliver to him its entire file in connection with the investigation, including Rich's report. The United States District Attorney segregated from the file the statements of other witnesses, as well as certain exhibits which were included in Rich's report. The remainder was delivered to defense counsel. The trial court examined the segregated material, ruled that it was not relevant to the testimony of Rich, and therefore refused to require its delivery.

1. The purpose of these summaries was to present the government's interpretation of the basic evidence relating to Ayash's income during the years in question. Their admissibility is not questioned here. See Swallow v. United States, 10 Cir., 307 F.2d 81, cert. denied 371 U.S. 950, 83 S.Ct. 504, 9 L.Ed.2d 499, rehearing denied 372 U.S. 925, 83 S.Ct. 718, 9 L.Ed.2d 731; United States v. Bernard, 7 Cir., 287 F.2d 715, cert. denied 366 U.S. 961, 81 S.Ct. 1921, 6 L.Ed.2d 1253. Exhibit 66 is typical of all, and, as an illustration, is reproduced here:

"THIS COMPUTATION IS BASED SOLELY ON THE EVIDENCE PRESENTED BY THE GOVERNMENT AND DOES NOT INCLUDE EVIDENCE OR CONTENTIONS OF THE DEFENDANT.
SUMMARY
CALENDAR YEAR 1957
Robert and Mildred Crail

Items Not Included in Accountant's Workpaper Listing of Income Items—Exhibit 27

| | |
|---|---|
| 1. Check (Exhibit 24(a)) issued to Robert Crail on August 27, 1957 by Shorland Hunsaker in part payment of 250,000 shares of Sundown Petroleum (Ex. 23). Deposited to Mildred Crail's checking account at First Security Bank but labeled as loan from Carlisle on Cornwell's working paper (Ex. 27) and excluded from income. | $2,000.00 |
| 2. Check (Ex. 25) dated 10/1/57 issued to Robert Crail by Shorland Hunsaker in payment of 100,000 shares of Sundown Petroleum stock. Check deposited to checking account other than Mildred Crail account (Ex. 9, 10a, & 10b). | 1,000.00 |
| 3. Equipment received from Shorland Hunsaker and retained by Robert Crail in exchange of equipment for stock (Ex. 23). Valuation placed on HD bulldozer and TD9 by Shorland Hunsaker $9,000 / Less amount owing Lang Co. 3,000 | 6,000.00 |
| 4. Check (Ex. 26a) dated 11/12/57 issued to Robert Crail in part payment for interest in lease dated 11/14/57 (Ex. 22). Check deposited to checking account other than Mildred Crail account (Ex. 9, 10a, & 10b) | 500.00 |
| 5. Cash proceeds from Sundown Petroleum stock sales not deposited to Mildred Crail's checking account at First Security Bank (Ex. 10a & 10b). | 2,454.80 |
| See exhibit 67 | $11,954.80" |

██ 18 U.S.C. § 3500, commonly known as the "Jencks Act", provides that in federal criminal prosecutions, after a prosecution witness has testified on direct examination, the trial Judge, on motion of defendant, shall order the United States to produce statements of the witness in the possession of the United States which relate to the subject matter as to which the witness has testified. The Jencks Act was enacted in response to the Supreme Court's decision in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. Underlying the legislation is a congressional purpose to protect government files from unwarranted disclosure and to make available to a defendant certain material in the possession of the government necessary to afford him an adequate opportunity to impeach the government's witnesses. Campbell v. United States, 365 U.S. 85, 81 S.Ct. 421, 5 L.Ed.2d 428; [2] Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287, rehearing denied 361 U.S. 855, 80 S.Ct. 41, 4 L.Ed.2d 94. See, also, Bary v. United States, 10 Cir., 292 F.2d 53. Imposed upon the trial Judge is the affirmative duty of administering the Act so as to decide between conflicting protected interests—the interest of the government in safeguarding its investigative files from unwarranted disclosure, and the interest of the accused in having the government produce the "statements" defined by the Act. Campbell v. United States, supra. But the major concern of the Act is to limit and regulate access to government documents. Bary v. United States, supra. The Act permits access only to such government documents as fall within the Act's definition of "statements" which relate to the subject matter as to which the witness has testified. It requires production of only those "statements" which are a substantial verbatim recital of the witness's own words. Palermo v. United States, supra. This court has observed that the Jencks Act "represents a studied congressional purpose to limit the right of a defendant in a criminal case to the production from the files of the Government to statements as defined in the statute appropriate for use for impeachment purposes." Bary v. United States, supra, at 58; Johnson v. United States, 10 Cir., 269 F.2d 72.

██ The Act provides that if the United States claims that any statement ordered to be produced contains matter which does not relate to the subject matter of the witness's testimony, the court shall inspect the material in camera and before delivery shall remove those portions of the statement which do not relate to the subject matter of the testimony of the witness. Sells v. United States, 10 Cir., 262 F.2d 815, cert. denied 360 U.S. 913, 79 S.Ct. 1298, 3 L. Ed.2d 1262. For the purpose of review, the excised portion of the statement must be preserved and made available to the appellate court for the purpose of determining the correctness of the trial court's ruling. Travis v. United States, 10 Cir., 269 F.2d 928, reversed on other grounds 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340. The trial court inspected the files of the prosecution which were demanded by defense counsel and found that all the material relevant to the witness Rich's testimony had been delivered to counsel; and therefore denied the request. From discussions between the court and counsel, it appears that the excised portion of the report was principally a record of interviews, including the signed statements of numerous witnesses, together with exhibits prepared from interviews and other material. We agree with the trial court that they were not "statements" of Rich within the meaning of the statute. Furthermore, they were not relevant to the exhibits summarizing the evidence, which exhibits were prepared from the evidence in the case, not from the investigative

2. On a second appeal, the court further considered this question. 373 U.S. 487, 83 S.Ct. 1356, 10 L.Ed.2d 501.

report. We find no error in the court's refusal to require delivery of the additional material.

 Count 3 of the indictment charged that Ayash knowingly and willfully failed to file an income tax return for the year 1959. It is contended that the court erroneously permitted proof that the accused had failed to file returns for the years 1955 and 1956. Willfulness, as an essential element of the crime charged, must be proved by the prosecution. Holland v. United States, 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150; Haskell v. United States, 10 Cir., 241 F.2d 790, cert. denied 354 U.S. 921, 77 S.Ct. 1379, 1 L.Ed.2d 1436; United States v. Litman, U.S. 869, 78 S.Ct. 118, 2 L.Ed.2d 75. 3 Cir., 246 F.2d 206, cert. denied 355 Ordinarily, evidence of crimes other than the one charged is not admissible in the criminal prosecution. Hughes v. United States, 10 Cir., 320 F.2d 459; Jones v. United States, 10 Cir., 251 F.2d 288. But, as here, evidence of similar conduct is admissible to establish a course of conduct for the purpose of proving willfulness. United States v. Litman, supra; Holland v. United States, supra; Hamman v. United States, 9 Cir., 340 F.2d 145; Radford v. United States, 9 Cir., 290 F.2d 9; United States v. Goodman, U.S.D.C.Ill., 190 F.Supp. 847. Furthermore, the court instructed the jury that the evidence could be considered only for that purpose.

 Finally, it is urged that Ayash was denied a fair trial because of evidence which tended to show that he had maintained an illicit relationship with a woman, which resulted in the birth of an illegitimate child. The purpose of this evidence was to show the expenditure of substantial sums of money by the accused during the years in question for the support and maintenance of the woman and child. These expenditures were relevant to the establishment of Ayash's financial position and his income for the years set forth in the indictment.

Affirmed.