**UNITED STATES of America**

v.

**William P. JOHNSON, Jr., Appellant.**

No. 16530.

United States Court of Appeals
Third Circuit.

Argued June 22, 1967.

Decided Nov. 27, 1967.

Warren W. Bentz, Erie, Pa., for appellant.

Thomas A. Daley, Asst. U. S. Atty., Pittsburgh, Pa. (Gustave Diamond, U. S. Atty., on the brief), for appellee.

Before BIGGS and KALODNER, Circuit Judges, and VAN DUSEN, District Judge.

OPINION OF THE COURT

PER CURIAM.

The defendant, Johnson, was charged with willfully failing to file per-

sonal income tax returns for the calendar years 1960, 1961, and 1962. 26 U.S.C. § 7203. He pleaded not guilty and elected to be tried to the court without a jury. Johnson was a partner in an architectural engineering firm. He did not deny that returns were not filed when due but asserted that his failure to file was not willful. He contended that he did not file returns because he did not have funds available to pay the taxes and further that the filing of partnership information returns, 26 U.S.C. § 6031, negatived any proof of willfulness in his failing to file personal returns. Under the circumstances the issue of Johnson's willfulness was one to be determined by the finder of facts. We cannot say there was insufficient evidence to support the finding of willfulness.

■ The United States introduced evidence, as we have indicated, tending to establish Johnson's willfulness. This consisted in part of an Internal Revenue Service representative's testimony that a search had been made and that Johnson's 1955 and 1956 tax returns could not be found. Although those years were not in issue, the United States contended that the evidence was relevant in establishing a pattern of conduct. Johnson asserts that this is prejudicial. We rule to the contrary. Ayash v. United States, 352 F. 2d 1009 (10 Cir. 1965).

The appellant filed a motion in this court on June 17, 1967 for a new trial based on alleged newly-discovered evidence. On June 20, 1967 the appellant filed a motion to remand the case so that the court below might consider and pass on the previously filed motion, requesting us to retain jurisdiction of this appeal pending the disposition of such motion by the court below. We will not retain jurisdiction and the appellant may make such motion in respect to a new trial based on newly-discovered evidence as he

sees fit in the court below. We, of course, express no opinion as to the merits of his contentions.

The judgment of the court below will be affirmed.

KALODNER, Circuit Judge (dissenting).

I would reverse the Judgment of conviction and sentence and remand the cause to the District Court with directions to grant a new trial.

I would do so for the reason that the District Judge to whom the case was tried without a jury committed fundamental prejudicial error in admitting evidence and in giving consideration to that evidence in arriving at his verdict of guilty.

Critical to my stated position are these facts:

The defendant, William P. Johnson, Jr., was found guilty on a three-count Information charging him with "willful" failure to file his personal income tax returns for the years 1960, 1961 and 1962, in violation of Section 7203 of the Internal Revenue Code of 1954.[1] At the trial, the Government, after introducing evidence that the defendant had failed to file his tax returns for 1960, 1961 and 1962, introduced evidence that while he had filed individual tax returns for the years 1957, 1958 and 1959, he had not filed his personal income tax returns for the years 1955 and 1956. In introducing its evidence of the failure to file returns in 1955 and 1956, the Government stated:

"The purpose is to show the pattern, Your Honor, that this is not a failure to file for one year or even for the three years for which an Information has been filed, but the defendant had a prior record of failure to file."[2]

---

1. 26 U.S.C. Section 7203.

2. The Government's evidence of failure to file tax returns for the years 1955 and 1956 was embodied in its Exhibits 4 and

5 captioned "Certification of Lack of Record" for the years stated, certified to by the District Director of the Pittsburgh Internal Revenue District.

The District Judge, in his opinion,[3] found that the defendant had failed to file his tax returns for the years 1955 and 1956 and considered that to be a factor in arriving at his fact finding that the defendant's failure to file his tax returns for the years 1960, 1961 and 1962 "was not inadvertent or negligent, but on the contrary was deliberate, purposeful, and willful." In doing so the District Judge stated:

"On the issue of willfulness and in order to show a pattern of conduct by Johnson suggestive of willfulness, the Government also introduced evidence that the defendant failed to file returns in 1955 and 1956. The defendant testified that he had no recollection of not having filed in those years. In any event, the record establishes that he filed returns in 1957, 1958 and 1959. He filed personal returns for those years, and then failed to file not just for one year, but for three consecutive years. The delay in filing was great and persisted over three consecutive taxable years. 'Such a pattern of behavior, as distinguished from a single occurrence, itself suggests willfulness.' U. S. v. Litman, 246 F.2d 206, 208 (C. A.3, 1957), cert. den., 355 U.S. 858 [869] [78 S.Ct. 118, 2 L.Ed.2d 75] U. S. v. Vitielo [Vitiello], 363 F.2d 240, 243 (C.A.3, 1966). The defendant testified that he knew he was required to file personal returns and when they were due to be filed. He stated that the fact that he was aware that he was not filing the returns each year was a source of worry to him. A series of defaults, indicating a pattern of behavior knowingly and intentionally made, may suggest the existence of the specific evil motive necessary to constitute willfulness. U. S. v. Vitielo

[Vitiello], supra; U. S. v. Palermo, 259 F.2d 872, 882 (C.A.3, 1958)."

\* \* \* \* \* \*

"\* \* \* this Court sitting non-jury finds ample evidence of willfulness. This is a case of an intelligent man, successful in his profession. He knew the return was due. He had filed many returns. *He had also skipped filing returns for a couple of years and had got away with it.*" (emphasis supplied)

It is evident from the foregoing the District Judge considered the defendant's failure to file in 1955 and 1956 as an element in the fashioning of "a pattern of behavior" from which "willfulness" could be found.

In my opinion the evidence of failure to file in 1955 and 1956 was inadmissible to show "a pattern of behavior" insofar as the years involved in the Information were concerned, inasmuch as the defendant had filed his tax returns for the years 1957, 1958 and 1959. The pattern of behavior of non-filing was torn asunder and fragmented when the defendant filed his tax returns for the years which intervened between his failure to file in 1955 and 1956, and 1960, 1961 and 1962. "A pattern of behavior" cannot be fashioned like a jig saw puzzle out of disjointed elements.

In summary, the evidence of failure to file in 1955 and 1956 was inadmissible and the trial judge further erred in attributing to it probative value to establish willfulness for the years 1960, 1961 and 1962.

It must be noted that the defendant's counsel for some inexplicable reason failed to object to the admission of the evidence relating to the failure to file the 1955 and 1956 returns. The failure to object, however, does not bar this Court's consideration of the trial judge's error since that error was fundamental.

---

**3.** The Opinion of the District Court is unreported. It was filed in conformity with

Rule 23(c) of the Federal Rules of Criminal Procedure.