DAVID L. FOWLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowler v. Commissioner
Docket No. 31433-84.
United States Tax Court
T.C. Memo 1987-143; 1987 Tax Ct. Memo LEXIS 139; 53 T.C.M. (CCH) 377; T.C.M. (RIA) 87143; March 18, 1987. David L. Fowler, pro se. *140 Gerald Douglas, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax as follows: SECTION 6654 [1]
SECTION 6653(b)
YEAR
DEFICIENCY
ADDITION TO TAX
ADDITION TO TAX
1978
$18,743
$553
$9,372
1979
23,917
919
11,959
1980
16,370
911
8,185
1981
14,945
937
7,473
1982
13,339
1,004
6,670
The issues are (1) whether petitioner is liable for the section 6654 additions to tax, (2) whether respondent has met his burden of proving fraud for each of the years before the Court, and (3) whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT This case, docket number 31433-84, and one involving the same taxpayer for different years, docket number 31477-84, T.C. Memo. 1987-142, were tried jointly. The facts established in the companion case are incorporated herein *141 by reference. Petitioner resided in Milwaukie, Oregon at the time he filed the petition herein. During the years in issue, petitioner was an insurance agent. Respondent prepared for the trial in this case a proposed Stipulation of Facts. Petitioner refused to agree to these stipulations and failed to offer adequate reasons for not doing so. Following, in an expedited form, see Rule 25(c), the procedure described in Rule 91(f), the Court ruled that the information contained in the proposed Stipulation of Facts be deemed stipulated. The facts so stipulated are found accordingly. Petitioner introduced no evidence at trial to prove that respondent's determination of deficiencies or section 6654 additions to tax was incorrect. Petitioner and his wife, Adrienne A. Fowler, filed returns, Form 1040, United States Individual Income Tax Return (hereinafter "Form 1040"), for the 1973 and 1974 taxable years. In February and March of 1976, petitioner filed refund claims for the 1973 and 1974 taxable years based on vague references to articles of and amendments to the United States Constitution. In January of 1977, petitioner and his wife filed a second set of refund claims for the *142 1973 and 1974 taxable years based on alleged charitable contributions not claimed on their 1973 and 1974 returns. All of the above mentioned refund claims were denied. For the 1975 taxable year, petitioner originally filed a Form 1040 containing only his name, address, social security number, signature, the date and the statement, "UNDER PROTEST I PLEAD THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (1975 YEAR)." Subsequently petitioner and his wife filed a 1975 return, Form 1040, claiming charitable contribution deductions in excess of $22,000 and an overpayment of tax. This 1975 return was signed by petitioner and his wife on December 29, 1976. The 1976 Form 1040 filed by petitioner was not made a part of the record. [2] Petitioner and his wife filed a 1977 return, Form 1040, claiming, inter alia, charitable contribution deductions in excess of $32,000 and an overpayment of tax. Petitioner neither *143 filed returns nor paid any Federal income tax for the 1978 through 1982 taxable years, the years at issue herein. During such years, petitioner earned income in the amounts and for the years as shown below: YEAR
INCOME
1978
$43,512
1979
52,802
1980
39,210
1981
35,625
1982
33,985
On December 9, 1976, petitioner and his wife chartered the Heavenly Peace Church as a local chapter of the Universal Life Church, Inc., of Modesto, California. From its inception through, at least, the years at issue, the Heavenly Peace Church performed no services or ceremonies and had no members except perhaps petitioner and his wife. All alleged charitable contributions made by petitioner and his wife to the Heavenly Peace Church were entirely returned to petitioner and his wife for their personal use. The charitable contributions which formed the basis of petitioner's second set of 1973 and 1974 refund claims and the charitable contributions claimed on petitioner's 1975 return were allegedly made to the Heavenly Peace Church. Prior to the years in issue, petitioner had taken several accounting courses and had worked as an income tax preparer. In the companion case, petitioner *144 and his wife were found liable for the section 6653(b) civil fraud addition to tax for the 1975 taxable year partly because of claiming improper deductions for contributions to the Heavenly Peace Church. Petitioner and his wife were indicted for the 1973, 1974, 1975, and 1976 taxable years under section 7206(1), willfully making and subscribing any statement verified by a written declaration that is made under penalties of perjury which the subscriber does not believe to be true and correct as to every material matter. Petitioner's wife was acquitted on all counts and petitioner was convicted with respect to the 1973, 1974, and 1975 taxable years. [3]
Prior to and during trial, petitioner was completely uncooperative and refused to answer questions posed by respondent's counsel as well as by the Court. Further, respondent issued a subpoena duces tecum with which petitioner failed to comply even after ordered to do so by the Court. OPINION Petitioner introduced no evidence at trial to prove that respondent's determination of deficiencies was incorrect. Upon respondent's oral motion, the Court *145 ruled that petitioner had failed in his burden of proof and sustained the deficiencies with respect to all years before the Court. See Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). The first issue is whether petitioner is liable for the section 6654 additions to tax for failure to pay estimated tax. Respondent determined section 6654 additions to tax and petitioner has the burden of proving such determination incorrect. Rule 142(a); Welch v. Helvering,supra. Petitioner introduced no evidence at trial to prove that he is not liable for the section 6654 additions to tax. We hold that he has failed to meet his burden of proof. Respondent's determination of the section 6654 additions to tax is sustained. The next issue is whether petitioner is liable for the section 6653(b) additions to tax for civil fraud. During the years in issue, section 6653(b) provided for an addition to tax equal to 50 percent of an underpayment, where any portion of such underpayment was due to fraud. [4] Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. Akland v. Commissioner,767 F.2d 618, 621 (9th Cir. 1985), *146 affg. a Memorandum Opinion of this Court; Hebrank v. Commissioner,81 T.C. 640, 642 (1983). Respondent bears the burden of proving fraud by clear and convincing evidence. Section 7454(a); Rule 142(b); Akland v. Commissioner,supra;Kotmair v. Commissioner,86 T.C. 1253, 1259-1260 (1986). The presence of fraud is a factual question to be determined by an examination of the entire record. Kotmair v. Commissioner,supra at 1259. *147 In each of the years before the Court, petitioner had substantial income yet neither filed individual income tax returns nor paid individual income tax. Accordingly, we hold that respondent has clearly met his burden of proving an underpayment of tax in each of the years before the Court. Failure to file returns, without more, is not sufficient to prove fraud. Kotmair v. Commissioner,supra at 1260. Failure to file may, however, be considered in connection with other facts in determining whether an underpayment is due to fraud. Beaver v. Commissioner,55 T.C. 85, 93 (1970). Petitioner's failure to file during the years in issue was in furtherance of his plan, conceived of some time in 1976, to stop paying Federal income tax and to receive refunds of Federal income tax already paid. The plan was initiated by petitioner filing the first set of 1973 and 1974 refund claims in early 1976 based on vague references to articles of and amendments to the United States Constitution. It was followed by the filing of the 1975 Form 1040 which contained no financial information from which respondent could determine petitioner's tax liability. The second *148 set of 1973 and 1974 refund claims and the 1975 return, both based on contributions to a church which was not in existence during the years covered by the claims and the returns, was also part of the plan. Petitioner's failure to file returns for the years in issue, during which years petitioner had substantial income, is but one of the integral steps of petitioner's inexpedient plan. The plan continued up to and during trial as is evidenced by petitioner's unwillingness to cooperate with respondent, failure to answer questions posed by respondent and the Court, and reckless refusal to abide by an order of the Court directing petitioner to comply with a subpoena duces tecum. Since petitioner was aware of his obligation to pay Federal income tax, as is evidenced by his filing returns showing his correct tax liability for the 1973 and 1974 taxable years, we readily hold that petitioner intentionally failed to file returns and pay income tax for the years in issue with the intent to evade Federal income tax he knew to be owing. Accordingly, we hold that respondent has met his burden of proving fraud and his determination of additions to tax for fraud is sustained. The final issue *149 is whether the United States is entitled to damages pursuant to section 6673. Respondent argues that petitioner instituted this case primarily for delay and that petitioner's position was frivolous. The entire trial was devoted to respondent's establishment of fraud, an issue on which respondent bore the burden of proof. On these facts, we decline to award damages. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Although the 1976 Form 1040 was not made a part of the record, petitioner had apparently filed it and respondent had apparently received it as the deficiency notice issued for 1976 disallowed charitable contribution deductions "shown on [petitioner's] return."↩
3. See United States v. Fowler,794 F.2d 1446↩ (9th Cir. 1986).
4. During the taxable years in issue, section 6653(b) stated in pertinent part: If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Effective for taxes the last day prescribed for payment of which is after September 3, 1982, the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, sec. 325(a), 96 Stat. 324, 616, amended sec. 6653(b) to allow for an increase of the interest on the portion of the underpayment attributable to fraud. This amendment is effective with respect to the 1982 taxable year before the Court. Effective for returns with due dates after December 31, 1986, the Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1503(a), 100 Stat. 2085, 2742, again amended sec. 6653(b) to increase the rate of the fraud addition to tax to 75 percent and to alter the base upon which the increase is determined to that portion of the underpayment attributable to fraud with the rebuttable presumption, applicable only where the respondent has established that any portion of the underpayment was attributable to fraud, that the entire underpayment was attributable to fraud. This amendment is not effective with respect to any of the years before the Court.↩