DAVID L. AND ADRIENNE A. FOWLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowler v. Commissioner
Docket No. 31471-84.
United States Tax Court
T.C. Memo 1987-142; 1987 Tax Ct. Memo LEXIS 138; 53 T.C.M. (CCH) 373; T.C.M. (RIA) 87142; March 18, 1987. David L. Fowler and Adrienne A. Fowler, pro se. Gerald Douglas, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' *139 Federal income tax as follows: SECTION 6653(b) [1]
YEAR
DEFICIENCY
ADDITION TO TAX
1975
$4,141
$2,735
1976
6,636
3,318
1977
10,059
5,030
The issues are whether respondent has met his burden of proving fraud for each of the years before the Court and whether damages should be awarded to the United States pursuant to section 6673. FINDINGS OF FACT Petitioners, husband and wife, resided in Milwaukie, Oregon at the time they filed the petition herein. During the years in issue, petitioner David L. Fowler was an insurance agent and petitioner Adrienne A. Fowler was unemployed. Respondent prepared for the trial in this case a proposed Stipulation of Facts and a proposed Supplemental Stipulation of Facts. Petitioners refused to agree to these stipulations and failed to offer adequate reasons for not doing so. Following, in an expedited form, see Rule 25(c), the procedure described in Rule 91(f), the Court ruled that the information contained in *140 the proposed Stipulation of Facts and proposed Supplemental Stipulation of Facts be deemed stipulated. [2] The facts so stipulated are found accordingly. *141 Petitioners introduced no evidence at trial to prove that respondent's determination of deficiencies was incorrect. Petitioners filed returns, Form 1040, United States Individual Income Tax Return (hereinafter "Form 1040"), showing their correct tax liability for the 1973 and 1974 taxable years. In February and March of 1976, petitioner David L. Fowler filed refund claims for the 1973 and 1974 taxable years based on vague references to articles of and amendments to the United States Constitution. In January of 1977, petitioners filed a second set of refund claims for the 1973 and 1974 taxable years based on alleged charitable contributions not reported on their 1973 and 1974 returns. All of the above mentioned refund claims were denied. For the 1975 taxable year, petitioner David L. Fowler originally filed a Form 1040 containing only his name, address, social security number, signature, the date and the statement, "UNDER PROTEST I PLEAD THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION (1975 YEAR)." Subsequently petitioners filed a 1975 return, Form 1040, claiming charitable contribution deductions in excess of $22,000 and an overpayment of tax. This 1975 return was *142 signed by petitioners on December 29, 1976. The 1976 Form 1040 filed by petitioners was not made a part of the record. [3] Petitioners filed a 1977 return, Form 1040, claiming charitable contribution deductions in excess of $32,000 and an overpayment of tax. On December 9, 1976, petitioners chartered the Heavenly Peace Church as a local chapter of the Universal Life Church, Inc., of Modesto, California. During the years at issue, the Heavenly Peace Church performed no services or ceremonies and had no members except perhaps petitioners. The charitable contributions which formed the basis of petitioners' second set of 1973 and 1974 refund claims and the charitable contributions reported on petitioners' 1975 return were allegedly made to the Heavenly Peace Church and were entirely returned to petitioners for their personal use. Since petitioners' 1976 Form 1040 was not made a part of the record, with the exception *143 of the deficiency notice, see n.3, supra, there is no indication that petitioners claimed a charitable contributions deduction for the 1976 taxable year, or, if they did, to whom the contributions were made. Although petitioners' 1977 return was made a part of the record and does indicate that petitioners claimed a charitable contributions deduction for that year, the record does not indicate to whom the contributions were made. Prior to 1975, petitioner David L. Fowler had taken several accounting courses and had worked as an income tax preparer. Petitioners were indicted for the 1973, 1974, 1975, and 1976 taxable years under section 7206(1), willfully making and subscribing any statement verified by a written declaration that is made under penalties of perjury which the subscriber does not believe to be true and correct as to every material matter. Petitioner Adrienne A. Fowler was acquitted on all counts and petitioner David L. Fowler was convicted with respect to the 1973, 1974, and 1975 taxable years. [4]
Prior to and during trial, petitioner David L. Fowler was completely uncooperative *144 and refused to answer questions posed by respondent's counsel as well as by the Court. See note 2, supra. Although petitioner Adrienne A. Fowler took a more passive role in the presentation of the case, her statements before the Court do not indicate that she had any greater regard for judicial procedure. [5] Further, respondent issued a subpoena duces tecum with which petitioners failed to comply even after ordered to do so by the Court. OPINION Petitioners introduced no evidence at trial to prove that respondent's determination *145 of deficiencies was incorrect. Upon respondent's oral motion, the Court ruled that petitioners had failed in their burden of proof and sustained the deficiencies with respect to all years before the Court not closed by the statute of limitations. See Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). In the absence of fraud, each year involved herein is closed by the statute of limitations. Section 6501(c)(1). Thus, fraud must be established to sustain respondent's determination of deficiencies. Further, fraud must be established to sustain respondent's determination of additions to tax under section 6653(b). [6]
To establish fraud, respondent must prove by clear and convincing evidence, for each year in issue, that there was an underpayment of tax and that some portion of the underpayment was due to fraud. Section 7454(a); Rule 142(b); Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), *146 affg. a Memorandum Opinion of this Court; Gromacki v. Commissioner,361 F.2d 727, 730 (7th Cir. 1966), affg. a Memorandum Opinion of this Court; and Hebrank v. Commissioner,81 T.C. 640, 642 (1983). [7] Fraud is an intentional wrongdoing motivated by a specific purpose to evade a tax known or believed to be owing. Akland v. Commissioner,767 F.2d 618, 621 (9th Cir. 1985), affg. a Memorandum Opinion of this Court; Hebrank v. Commissioner,supra.The presence of fraud is a factual question to be determined by an examination of the entire record. Mensik v. Commissioner,328 F.2d 147, 150 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). Evidence of prior and subsequent similar acts reasonably close to the years at issue may be considered. United States v. Johnson,386 F.2d 630, 631 (3rd Cir. 1967). Since the legal issues pertaining to the 1975 taxable year are different *147 from the legal issues pertaining to the 1976 and 1977 taxable years, discussion of the 1975 taxable year will be segregated from discussion of the 1976 and 1977 taxable years. 1975
Petitioners deducted on their 1975 return in excess of $22,000 for charitable contributions which they claim to have made to the Heavenly Peace Church. All contributions made to the Heavenly Peace Church were entirely returned to petitioners for their personal use and, for that reason, are not deductible. See Hall v. Commissioner,729 F.2d 632, 634 (9th Cir. 1984). Accordingly, the deduction for contributions claimed on petitioners' 1975 return was improper and gave rise to an underpayment of tax for the 1975 taxable year. The Heavenly Peace Church was chartered by petitioners on December 9, 1976. Twenty days later petitioners claimed deductions on their return for the previous year, their 1975 return, for contributions allegedly made to the Heavenly Peace Church. The short period of time between chartering the Heavenly Peace Church and claiming the charitable contribution deductions for the previous year indicates that petitioners knew the Heavenly Peace Church was not in existence *148 during the 1975 taxable year and alleged contributions thereto were not deductible for that year. Petitioners had filed returns showing their correct tax liability for the 1973 and 1974 taxable years and were thus aware of their legal obligation to pay Federal income tax. We conclude that petitioners deducted the alleged contributions on their 1975 return in an effort to conceal their Federal tax liability. Accordingly, we hold that respondent has met his burden of proving fraud for the 1975 taxable year. The deficiency and section 6653(b) addition to tax determined by respondent for the 1975 taxable year are sustained. [8]
1976 & 1977
Respondent has failed to prove an underpayment of tax by petitioners for the 1976 and 1977 taxable *149 years. Respondent has not proven, as he did for the 1975 taxable year, that the charitable contributions deducted by petitioners on their 1976 Form 1040 [9] and their 1977 return were improper. The presumption of correctness which attaches to respondent's deficiency notice, even in the light of a taxpayer's failure to prove the incorrectness of the notice, is insufficient to carry respondent's burden of proving an underpayment of tax in attempting to establish fraud. George v. Commissioner,338 F.2d 221, 223 (1st Cir. 1964); Drieborg v. Commissioner,225 F.2d 216, 218 (6th Cir. 1955); Estate of Beck v. Commissioner,56 T.C. 297, 363 (1971). [10] Since respondent has not negated the possibility that the claimed charitable contribution deductions for the 1976 and 1977 taxable years were proper, we hold that respondent has failed to establish an underpayment of tax for such years. Where respondent fails to establish an underpayment of tax, respondent's determination of civil fraud will not be sustained. George v. Commissioner,supra.Fairchild v. United States,240 F.2d 944 (5th Cir. 1957); Olinger v. Commissioner,234 F.2d 823 (5th Cir. 1956). *150 [11] Petitioners are not liable for the deficiencies or the section 6653(b) additions to tax determined by respondent for the 1976 and 1977 taxable years. The final issue is whether the United States is entitled to damages pursuant to section 6673. Respondent argues that petitioners instituted this case primarily for delay and that petitioners' position was frivolous. Respondent was required to prove fraud for each of the years before the Court to be sustained with respect to his determination of additions to tax for civil fraud and with respect to his determination of deficiencies. Respondent failed to prove fraud in two of the three years. On these facts, we decline to award damages to the United States. To reflect the *151 foregoing, Decision will be entered for the respondent for the 1975 taxable year.
Decision will be entered for the petitioners for the 1976 and 1977 taxable years.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At trial, the Court patiently went through the majority of the paragraphs contained in the proposed Stipulation of Facts and proposed Supplemental Stipulation of Facts to ascertain why petitioners refused to so stipulate. Below is a colloquy between the Court and petitioner David L. Fowler, indicating, in part, petitioner David L. Fowler's unreasonable basis for failing to stipulate. THE COURT: * * * Paragraph 38, (During the years at issue petitioners never received any living expense allowance in any form or any money or other property of any kind issued directly from the Universal Life Church, Inc., International Headquarters in Modesto, California.) MR. FOWLER: You would have to contact the Universal Life Church in Modesto, California. THE COURT: Well, the Universal Life Church wouldn't know, because they don't know whether you received it or not. I'm asking you did you receive it. MR. FOWLER: Well -- THE COURT: Did you receive it? Not what they might have sent you, but the question is, did you receive -- MR. FOWLER: The question is, did I receive from the Universal Life Church. You would have to direct that question to them. November 26, 1985 Tr. at 49-50.↩
3. Although the 1976 Form 1040 was not made a part of the record, petitioners had apparently filed it and respondent had apparently received it as the deficiency notice issued for 1976 disallowed charitable contribution deductions "shown on [petitioners'] return."↩
4. See United States v. Fowler,794 F.2d 1446↩ (9th Cir. 1986).
5. Petitioner Adrienne A. Fowler's opening statement was as follows: MRS. FOWLER: Sir, I have one opening statement, and that is that I see Mr. Michael Anderson of the Criminal Investigation Division is here [in the audience section of the courtroom]. I object to hearing anything this little man has to say, as he is a known criminal and he has perjured himself before a U.S. Grand Jury. THE COURT: Your objection is overruled. Thank you. MRS. FOWLER: And that is my full statement. THE COURT: I said your objection is overruled. That's my full statement, too. MRS. FOWLER: All right. I * * * expected that. November 27, 1987 Tr. at 2-3.↩
6. During the taxable years in issue, section 6653(b) stated in pertinent part: If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment.↩
7. See also Hudgens v. Commissioner,T.C. Memo. 1985-587; Derksen v. Commissioner,T.C. Memo. 1985-470↩.
8. The section 6653(b) addition to tax is equal to 50% of the "underpayment," which is defined, at least in this context, as the deficiency. See section 6653(c). Nothing in the record explains why the addition to tax for the 1975 taxable year is greater than 50% of the deficiency. Accordingly, respondent's determination of the section 6653(b) addition to tax is sustained only to the extent that it equals 50% of the deficiency for 1975.↩
9. Since the 1976 Form 1040 was not made a part of the record, respondent has not even proven that petitioners claimed a charitable contribution deduction for the 1976 taxable year. For the sake of argument, we will assume that petitioners did claim a charitable contribution deduction for the 1976 taxable year. ↩
10. See also Derksen v. Commissioner,T.C. Memo. 1985-470↩. 11. See also Derksen v. Commissioner,supra.↩