**UNITED STATES of America,
Appellee,**

v.

**Joseph E. FLYNN, Defendant,
Appellant.**

**No. 71–1350.**

United States Court of Appeals,
First Circuit.

Argued March 5, 1973.

Decided May 30, 1973.

Certiorari Denied Oct. 9, 1973.
See 94 S.Ct. 154.

John M. Doukas, Boston, Mass., with whom Robert W. Harrington, Boston, Mass., was on brief, for appellant.

Wayne B. Hollingsworth, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALD-RICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

In this appeal from convictions under a three-count indictment charging the filing of fraudulent income tax returns for the years 1962–64, 26 U.S.C. § 7201, we are faced at the outset with a question of procedure—whether to discuss points having a possibility of merit and omit the rest, or to write more fully. The conspicuous falsity of defendant's testimony, coupled with the briefing of many worthless matters requiring extensive checking, leads us to comment.

Defendant's initial complaint is to the court's failure to charge that there was no unreported income. The government established that defendant received, or was credited with, some ten times the amount of savings bank interest he specifically reported. Defendant claimed that the balance was mistakenly reported as an unitemized figure included in his professional income under Schedule C. He introduced in support, as an exhibit, a sheet of paper that he testified was the original, as distinguished from other papers of which he had only copies, of work notes showing the makeup of that figure for the year 1962. In response, the government produced the manufacturer of the paper, who testified that it was made in 1971. Defendant then testified that the original "was pretty well used up and I thought it was neater to do it on this." Why, after tax charges had been brought, he had thought it neater to dispose of the original, let alone to misrepresent, was not explained. We note, in passing, that the same procedure was repeated in another area.

In addition, defendant took the position that the bank interest did not have to be reported in any event, citing (admittedly as to the first two years only), Internal Revenue Service regulations that interest accruing on certain types of restricted cooperative shares did not have to be currently reported. While defendant showed that he had owned cooperative bank shares, he did not show that any were restricted. Indeed, the only possibly relevant testimony on the point suggested they were not. On this record defendant objects to the court's refusal to charge that there was no basis for the jury to find any unreported income. This, what we can best call inexcusable nonsense, sets the stage for much that we are asked to deal with on this appeal.

The principal charges against defendant related to improper deductions. Defendant was a practicing surgeon. Financially successful, he maintained a stable of horses. By one manner or another he sought to charge some of the expense to the government after the stable had been disallowed as a business. Under the guise of deductions in con-

nection with his medical practice, he claimed as "medical assistance" bills which, upon investigation by the IRS, proved to be for veterinarians, a blacksmith, and a horse-van driver and stablehelper. "Medical supplies" proved to be riding clothes for his family; also jewelry, furs, rugs, flowers, liquor, and other extraneous matters. A photograph of a home refrigerator with the door open, introduced to show medicines in support of his claim that he practiced from his home, proved, upon examination with a magnifying glass, to show veterinary medicines.[1]

Another device was to claim the same expense twice. Thus defendant's working papers showed that substantial payments for gas, oil, and repairs were taken once under "Auto Repairs," and then again under "Fuel, Light and Power."

██ Confronted with multiple examples, defendant's trial strategy was, (1) to deny willfulness; (2) to claim that the deductions were legitimate, and merely improperly labelled. For this latter he asserted at one point that his horse and farm expenses were charitable deductions because his horses participated in charitable shows, and later that he had been in the business of "improving" horses, despite the fact that he had in three years, made only one sale, on which he showed no profit. Other "charitable" deductions included support money to an indigent friend, manifestly not allowable. Tressler v. Commissioner, 4 Cir., 1953, 206 F.2d 538, 542; Tilles v. Commissioner, 1938, 38 B.T.A. 545, 549–551, aff'd 8 Cir., 1940, 113 F.2d 907, cert. denied 311 U.S. 703, 61 S.Ct. 143, 85 L.Ed. 456. In addition, he sought to claim at trial casualty losses to his horses, largely due to illness or dis-

ease, clearly not allowable. *See* Appleman v. United States, 7 Cir., 1964, 338 F.2d 729, 731–732, cert. denied 380 U.S. 956, 85 S.Ct. 1090, 13 L.Ed.2d 972; Rev. Rul. 61–216, 1961–2 Cum.Bull. 134. On this appeal defendant criticizes the instruction on casualty losses given the jury. There was no error.

██ We do not pause over defendant's objections to the introduction of his 1961 return and certain other evidence on the subject of willfulness. Again, there was no error.[2] Hamman v. United States, 9 Cir., 1965, 340 F.2d 145, 149–150, cert. denied 380 U.S. 977, 85 S.Ct. 1339, 14 L.Ed.2d 271; Marienfeld v. United States, 8 Cir., 1954, 214 F.2d 632, 638–639, cert. denied 348 U.S. 865, 75 S.Ct. 87, 99 L.Ed. 681. However, an objection of some initial merit concerns charts offered by defendant to show that in fact he had not underpaid his tax— a defense regardless of willful misstatements in the returns. *See* United States v. Moody, 6 Cir., 1964, 339 F.2d 161. *Compare* 26 U.S.C. § 7206. Careful analysis shows the charts to have been fallacious, as containing items not supported by the evidence even viewed most favorably to the defendant. *See* McGarry v. United States, 1 Cir., 1967, 388 F.2d 862, 868, cert. denied 394 U.S. 921, 89 S.Ct. 1178, 22 L.Ed.2d 455; Flemister v. United States, 5 Cir., 1958, 260 F.2d 513, 517. In part the preparer drew on cancelled checks which in many instances were not linked to particular goods or services received. In at least one instance the full amount was claimed when only part was deductible. Quite apart from this, we find the charts sufficiently difficult to interpret that the court, in its discretion, might well have found them more troublesome to the jury than helpful. *See McGarry,* ante; United

---

1. Confronted with this, defendant responded that he gave veterinary medicines to his human patients. It is some fifty years since the writer saw advertising for universal elixirs, "Good for Man and Beast." *See* G. Allen Foster, Advertising, Ancient Market Place to Television (1967).

2. Extensive argument at trial and in the brief revolved around certain "civil" charges to which defendant objected. We have reviewed this at length and find no prejudicial error. Much of the claimed confusion was attributable to defendant himself.

**14**

States v. Ellenbogen, 2 Cir., 1966, 365 F.2d 982, 988, cert. denied 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795.

■ There was an error in connection with charitable deductions. Most of defendant's contributions were to Catholic organizations, and at one point the court allowed a contribution to a Catholic school without any evidence supporting the charitable status of the school. At another place, however, the court did indicate that, to be qualified, a charity must hold an exemption certificate. This was not so. We agree with the government, however, that on the basis on which it tried its case this error could affect only a relatively small amount of the charitable deductions, and viewed in the large, the error was de minimis. The Court's recent reaffirmation, that a defendant "is entitled to a fair trial, but not a perfect one," Brown v. United States, 1973, 411 U.S. 223, 93 S.Ct. 1565, 36 L.Ed.2d 208, is appropriate.

■ Finally, defendant complains that the court, by its comments, deprived him of a fair trial. A number of the comments, made in the course of the testimony, related to actions which defendant himself conceded. Even though fair, some were unnecessary, and we may agree that overemphasis could have been prejudicial. Also, on occasion, the court indicated skepticism of defendant's testimony. Again, this was highly understandable, but unnecessary. Having in mind that the trial lasted sixteen days, however, the number of these comments was not so large as to be prejudicial. *Cf.* Glasser v. United States, 1942, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; Gordon v. United States, 5 Cir., 1971, 438 F.2d 858, 862–865, cert. denied 404 U.S. 828, 92 S.Ct. 63, 30 L.Ed.2d 56. Under the federal practice a court need not be as inscrutable as the Sphinx. *See* United States v. Gaines, 3 Cir., 1971, 450 F.2d 186, 188–190.

Defendant's several remaining points have been fully considered. They are meritless.

Affirmed.