*Decision will be entered for the petitioner.*

MARY K. MINNIES MUSE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 3293–79.     Filed April 7, 1981.

*Howard L. Abramson* and *Thomas E. Rosen,* for the petitioner.

*William P. Hardeman,* for the respondent.

OPINION

SIMPSON, *Judge*: The Commissioner determined a deficiency of $1,956 in the petitioner's Federal income tax for 1976. The sole issue for decision is whether the petitioner. has met the employment requirement of section 217(c)(2) of the Internal Revenue Code of 1954,[1] relating to moving expenses, while she was on leave without pay.

All of the facts have been stipulated, and those facts are so found.

The petitioner, Mary K. Minnies Muse, maintained her legal residence in Richardson, Tex., at the time she filed her petition in this case. She timely filed her Federal income tax returns for 1975 and 1976 with the Internal Revenue Service Center, Austin, Tex.

During 1975, the petitioner was employed by the General Accounting Office of the United States (GAO) as a supervisory auditor. On or about September 28, 1975, she was transferred from her assignment in Honolulu, Hawaii, to Washington, D.C. In connection with such transfer, the petitioner claimed a deduction for moving expenses of $2,292.41 on her 1975 return and $3,851.02 on her 1976 return.

The petitioner was assigned to duties in Washington, D.C., until May 24, 1976. As of such date, she was placed on leave without pay status as a result of her request for 1 year of such leave for the purpose of obtaining a master's degree in business administration at Baylor University, Waco, Tex. In late May 1976, the petitioner moved to Harker Heights, Tex., to commence her studies at Baylor University. On her Federal income tax return for 1976, she also claimed a deduction of $1,047.91 for her expenses in moving from Washington, D.C., to Harker Heights, Tex.

The petitioner continued on leave without pay status until January 31, 1977, at which time she was reassigned by GAO, at her request, to a post of duty in Dallas, Tex. During the period

---

[1]All statutory references are to the Internal Revenue Code of 1954 as in effect during the years in issue.

when she was on leave without pay status, the petitioner was considered by GAO as a career status employee on approved leave without pay for the purpose of furthering her education and was construed to have been administratively attached to GAO, although not on the active rolls. Also, during such period, the petitioner's life and health insurance coverage continued in effect.

In his notice of deficiency, the Commissioner denied the petitioner's moving expense deduction claimed on her 1976 return for the expenses of moving from Honolulu to Washington and, in accordance with section 217(d)(3), determined that the moving expense deduction claimed on her 1975 return should be restored to income in 1976. The Commissioner disallowed such deduction on the ground that the petitioner had not remained in the general location of Washington for 39 weeks. In his notice of deficiency, the Commissioner also denied the petitioner's moving expense deduction claimed on her 1976 return for the expenses of moving from Washington to Harker Heights. The petitioner concedes that such expenses are not deductible.

Section 217 allows a deduction for moving expenses incurred in connection with the commencement of work by a taxpayer as an employee at a new principal place of work. Conditions are placed on such deduction by section 217(c)(2), which provides in part that no deduction shall be allowed unless "during the 12-month period immediately following his arrival in the general location of his new principal place of work, the taxpayer is a *full-time employee*, in such general location, during at least 39 weeks." (Emphasis added.) However, exceptions are made to such requirement by section 217(d)(1), which provides:

(1) The condition of subsection (c)(2) shall not apply if the taxpayer is unable to satisfy such condition by reason of—
(A) death or disability, or
(B) involuntary separation (other than for willful misconduct) from the service of, *or transfer for the benefit of, an employer* after obtaining full-time employment in which the taxpayer could reasonably have been expected to satisfy such condition. [Emphasis added.]

The petitioner argues that she is entitled to deduct her expenses of moving from Honolulu to Washington, D.C., since her failure to meet the 39-week requirement of section 217(c)(2) was due to her move to Harker Heights to attend Baylor University and that such transfer was for the benefit of her

employer within the meaning of section 217(d)(1). Alternatively, the petitioner argues that she met the 39-week employment requirement of section 217(c)(2) since, while on leave without pay status, she was continuously considered by GAO to have been an employee with a duty station at Washington, D.C. The Commissioner concedes that when the petitioner was transferred to Washington, D.C., she could reasonably have expected to have satisfied the 39-week requirement of section 217(c)(2). However, he argues that the petitioner was not a full-time employee in the general location of her principal place of work, Washington, D.C., when she moved to Harker Heights to attend Baylor University, and therefore, she is not entitled to a deduction for her moving expenses.

In support of her argument that her transfer to Texas was for the benefit of her employer, the petitioner relies on several sections of the Federal Personnel Manual (1969) and the GAO Operations Manual (1975) relating to the conditions for the granting of leave without pay. We have no doubt but that the reason the petitioner was granted leave without pay was that GAO would benefit in some measure from such leave. However, the fact that GAO benefited from the petitioner's transfer to Texas does not bring her within the exceptions provided by section 217(d)(1).

Section 217(d) was added to the Code by the Tax Reform Act of 1969, Pub. L. 91–172, 83 Stat. 578. Prior to the addition of such subsection, there was no provision for waiving the 39-week requirement imposed by section 217(c)(2). Section 217(d)(1) was added to eliminate the hardship that arose when an employee "is prevented from satisfying the test by circumstances *beyond his control*, such as death or an unexpected action of his employer." S. Rept. 91–552 (1969), 1969–3 C.B. 423, 493 (emphasis added); see also H. Rept. 91–413 (Part 1) (1969), 1969–3 C.B. 200, 249; Joint Comm. on Internal Revenul Taxation, Summary of H.R. 13270, p. 39 (Nov. 18, 1969).

The language of section 217(d)(1) must be construed to carry out the intent of Congress. It is clear that the term "transfer for the benefit of an employer" was meant to cover a transfer beyond the control of the employee; that is, a transfer initiated by the employer, not one initiated by the employee. To be entitled to the deduction claimed by her, the petitioner has the burden of proving her right to such a deduction. Rule 142(a), Tax

Court Rules of Practice and Procedure; *Welch v. Helvering*, 290 U.S. 111 (1933); *Herzog v. Commissioner*, an unreported case (6th Cir. 1979, 79–2 USTC par. 9624), affg. a Memorandum Opinion of this Court. Insofar as we can determine from this record, the petitioner decided that she wished to secure a master's degree in business administration from Baylor, and she initiated the request for the leave without pay in order to enable her to attend that school. Such a transfer does not come within the meaning of section 217(d)(1). Thus, since she does not come within the statutory exception to the 39-week requirement, the petitioner must show that she satisfied the requirements of section 217(c)(2).

The petitioner concedes that she was not physically located in Washington, D.C., for 39 weeks in the 12 months immediately following her transfer from Honolulu. However, she contends that while she was on leave without pay, she was administratively attached to the Washington, D.C., Office of GAO and was therefore a full-time employee of that Office during such time.

The 39-week full-time employment requirement of section 217(c)(2) was imposed to prevent individuals from taking temporary jobs in order to obtain a deduction for moving expenses. H. Rept. 749, 88th Cong., 1st Sess. (1963), 1964–1 C.B. (Part 2) 125, 184. Whether an employee is a full-time employee during any particular week depends upon the customary practices of the occupation in the geographic area where the taxpayer works. Sec. 1.217–2(c)(4)(iv)(*a*), Income Tax Regs.; H. Rept. 749, *supra*, 1964–1 C.B. (Part 2) at 307. The regulations recognize that an employee may be treated as a full-time employee even though he is temporarily absent from work when the absence is involuntary because of illness or layoff. Sec. 1.217–2(c)(4)(iv)(*a*), Income Tax Regs. The regulations also treat an employee who is voluntarily away from work as a full-time employee if he is on leave or vacation in accordance with his contract or agreement of employment. *Id.* Sec. 1.217–2 (c)(4)(iv)(*a*), Income Tax Regs. Yet, in our judgment, the petitioner's absence on leave without pay was significantly different from those situations.

Leave without pay is considered a temporary nonpay status and absence from duty. Federal Personnel Manual, ch. 630, subch. 12, par. 12–1 (May 19, 1969). While on leave without pay,

certain benefits may accrue to an employee which are similar to the benefits accorded to full-time employees.[2] However, both the Federal Personnel Manual and the GAO Operations Manual provide that the granting of leave without pay is a matter of administrative discretion, and, with certain exceptions not applicable to the petitioner, cannot be demanded as a matter of right. Federal Personnel Manual, *supra* at par. 12–2(a); GAO Operations Manual, ch. 13, par. 2 (Dec. 13, 1975). Such manuals also provide that such leave is extraordinary, and not a customary practice for a Federal employee. Federal Personnel Manual, *supra* at par. 12–1; GAO Operations Manual, *supra*, ch. 13, pars. 2, 3, 4(c), 5(b). Thus, despite the benefits accrued by the petitioner while she was on leave without pay, such leave was neither an involuntary temporary absence from work nor a voluntary absence from work, such as vacation, granted in accordance with her contract or agreement of employment with GAO. In addition, we believe that the intent of the regulations was to allow an employee a *brief* absence from work without affecting such employee's full-time employment status. The granting of a 1-year leave of absence, even if the employee returns to work within a shorter period, is simply beyond the intent of the regulations. Under such circumstances, it would be inconsistent with the purpose of the 39-week full-time employment requirement to continue to treat the petitioner as a full-time employee of GAO while she was on such leave.

Moreover, even if the petitioner was a full-time employee while on leave without pay, section 217(c)(2) requires that such employment be in the same general location as the general location of the taxpayer's new principal place of work. Section 1.217–2(c)(4)(iii), Income Tax Regs., describes the "general location" of the new principal place of work as the "general commutation area and is usually the same area as the 'new principal place of residence.'" See also H. Rept. 749, *supra*, 1964–1 C.B. (Part 2) at 306, which states "'general location' * * *

---

[2] Such benefits include the encumbrance of a position, the obligation on the part of GAO to provide active employment at the end of the approved leave period, the credit of 6 months of each calendar year toward civil service retirement, and eligibility for continued coverage (without cost to the employee for up to 1 year of nonpay status) under the provisions of Life Insurance and Health Benefits Programs. GAO Operations Manual, ch. 13, par. 5(b) (Dec. 13, 1975).

refers to the area within which an individual might reasonably be expected to commute to such place of work."

The petitioner seizes upon the word "usually" to argue that the general location could be some place other than the new principal place of residence, in this case Texas, rather than Washington, D.C. We do not accept such a strained construction of the statute or the legislative history. It is clear under the statute and a reasonable reading of the regulations that to be allowed to deduct her moving expenses the petitioner was required to be a full-time employee *in the Washington area* for 39 weeks in the 12 months following her move from Honolulu to Washington. In fact, the petitioner did not remain in the Washington area for that period. Even if we considered that she was a full-time employee of GAO while she was on leave without pay, her work during such period would have been performed in Texas, not in the Washington area. Thus, the petitioner has failed to satisfy the requirement of section 217(c)(2), and therefore, she is not entitled to deduct her expenses of moving from Honolulu to Washington, D.C. See *Nico v. Commissioner*, 67 T.C. 647, 655 (1977), affd. on this issue 565 F.2d 1234 (2d Cir. 1977).

*Decision will be entered for the respondent.*

