ROBERT E. GREENE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; CAROL GREENE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Greene v. Commissioner
Docket Nos. 15996-83,[1]
15997-83. United States Tax Court
T.C. Memo 1986-500; 1986 Tax Ct. Memo LEXIS 107; 52 T.C.M. (CCH) 730; T.C.M. (RIA) 86500; October 1, 1986. *107 The Commissioner issued notices of deficiency, which disallowed deductions claimed by Ps and made other adjustments.Held, Ps failed to sustain their burden of proof with respect to the items still in dispute. Robert E. Greene and Carol Greene, pro se. Brett J. Miller, for the respondent. SIMPSON
MEMORANDUM OPINION SIMPSON, Judge: The Commissioner determined the following deficiencies in the petitioners' Federal income taxes: Petitioner
Year
Deficiency
Robert E. Greene
1980
$4,744.11
Robert E. Greene
1981
18,045.75
and Carol Greene
After concessions, the issues remaining for decision are: (1) Whether, for 1980, petitioner Robert E. Greene -- (a) is entitled to be treated as a head of household, and (b) is entitled to deductions for expenses and depreciation attributable to rental property and for expenses associated with breeding and selling show horses; and (2) whether, for 1981, petitioners Robert E. and Carol Greene -- (a) failed to report certain interest income, and (b) are entitled to deductions for expenses and depreciation attributable to rental property, for expenses associated with breeding and selling show *108 horses, for a casualty loss resulting from the death of two show horses, and for moving expenses. The petitioners, Robert E. and Carol Greene, resided in Rockville, Ind., at the time they filed their petitions in this case. Mr. Greene filed his individual Federal income tax return for 1980 with the Internal Revenue Service Center in Memphis, Tenn. Mr. and Mrs. Greene filed their joint Federal income tax return for 1981 with the Internal Revenue Service Center in memphis, Tenn.
The Commissioner issued a notice of deficiency to Mr. Greene for 1980, and another notice of deficiency to Mr. and Mrs. Greene for 1981. The petitioners engaged counsel to submit petitions on their behalf challenging the Commissioner's determinations. The attorney was subsequently discharged by the Greenes, and he was granted leave by this Court to withdraw from the case. Before the trial, the Commissioner served on the petitioners, in accordance with Rules 71 and 72 of the Tax Court Rules of Practice and Procedure, [2] a request that they answer a series of interrogatories and a request for the production of documents which would support their claimed deductions.The petitioners failed to respond adequately *109 to either request. Consequently, pursuant to a motion to compel filed by the Commissioner, the Court ordered the petitioners to comply with the requests. During the trial session, the petitioners met with the counsel for the Commissioner and produced some of the requested documents, but the petitioners refused to execute a stipulation of facts.As a result of the documents produced by the petitioners, the Commissioner, through his counsel, announced at the trial that he was conceding many of the items in whole or in part. At the trial, the Court explained to the Greenes that they had the burden of proving that they were entitled to any deductions in excess of those allowed by the Commissioner, that they did not receive the income determined by him, and that Mr. Greene was entitled to file as a head of household.Nevertheless, the petitioners refused to take the stand or to offer any other evidence or testimony. The petitioners have the burden of proving the Commissioner's determinations to be in error. Rule 142(a); Welch v. Helvering,290 U.S. 111 (1933). They have the burden *110 of proving that they did not receive the interest income determined by the Commissioner. See Kingsbury v. Commissioner,65 T.C. 1068, 1091 (1976). They also have the burden of proving that they are entitled to the deductions for the expenses of their rental business, for the expenses of raising and selling show horses, for the casualty loss, and for the moving expenses. See United States v. Flynn,481 F.2d 11, 13 (1st Cir. 1973) (casualty losses from death of horses from illness); Rugel v. Commissioner,127 F.2d 393, 395 (8th Cir. 1942) (business expenses); Muse v. Commissioner,76 T.C. 574, 578 (1981) (moving expense). As a result of their having produced some documents, the Commissioner agreed to allow some of the expenses, but the petitioners adamantly refused to offer any evidence to prove that they are entitled to any item not allowed by the Commissioner. For these reasons, on the record before us, we hold that the petitioners have failed to meet their burden of proof with respect to any of the items at issue. To give effect to the concessions by the Commissioner, Decisions will be entered under *111 Rule 155.
Footnotes
1. These dockets have been consolidated for the purposes of trial, briefing, and opinion.↩
2. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩