**Gary DEVORE, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent–Appellee.**

**No. 91–70213.**

United States Court of Appeals, Ninth Circuit.

Submitted April 8, 1992 *.

Decided May 6, 1992.

---

* The panel unanimously found this case suitable for decision without oral argument. Fed. R.App.P. 34(a) and Ninth Circuit Rule 34–4.

Bruce I. Hochman, Charles P. Rettig, Hochman, Salkin and DeRoy, Beverly Hills, Cal., for petitioner-appellant.

Gary R. Allen, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before: PREGERSON, D.W. NELSON, and THOMPSON, Circuit Judges.

PER CURIAM:

Gary Devore appeals from the United States Tax Court's denials of his motions to vacate deficiency judgments for the tax years 1970–1975. Devore contends that dual representation of himself and his ex-wife in the tax proceedings resulted in a conflict of interest that prevented their joint counsel from raising defenses on his behalf. We have jurisdiction under 26 U.S.C. §§ 7482(a), 7483. We reverse the orders of the tax court and remand for an evidentiary hearing to determine whether Devore was prejudiced by his former counsel's conflict of interest and whether Devore had reasonable grounds for failing to seek independent counsel.

## BACKGROUND

For many years, Maria Cole and her former husband, Nat King Cole, had been represented by attorney Harry Margolis. Margolis continued to represent Maria Cole after Nat King Cole's death. Maria Cole and Gary Devore were married in 1969. For the year 1970, Devore filed an individual return. Joint returns were prepared for all other years during the marriage. Until June 1987, Harry Margolis was the sole counsel of Cole and Devore. Leo Branton, Jr., became co-counsel with Margolis in June 1987. Margolis died on or about July 15, 1987 and Branton became the sole counsel of record on behalf of Cole and Devore in connection with the instant actions. The tax proceedings culminated in the entry of two judgments against Devore.

Cole and Devore were separated in 1976, and were divorced in 1978. The tax court did not render judgments in the instant cases until 1989. Despite their divorce, joint counsel continued to represent Cole and Devore throughout the tax proceedings.

After a four day trial, the tax court determined that Devore was individually

liable for a federal tax deficiency of $135,-302, and for a negligent return penalty of $6,765. The tax court found that Devore failed to carry his burden of proof in establishing that certain checks totaling $210,-000 did not constitute reportable income to him. Two checks had been issued to Devore by a company controlled by Margolis. These checks were received by Devore, but were immediately endorsed over to Margolis. Devore alleges that these funds were then used to purchase a home in the name of Maria Cole. The tax court found that the $210,000 represented by the two checks was income attributable to Devore.

In a second judgment entered pursuant to stipulations of settlement, Devore and Cole were held jointly and severally liable for deficiencies totalling over $300,000 for the years 1971–1975.

Devore states that he entered and left his marriage to Cole with a net worth of less than $10,000 and that he lacks the money to satisfy the judgments. He further states that he was unsophisticated in tax matters and that he was continually excluded from the financial affairs of Maria Cole.

Devore moved, through new counsel, to vacate the tax court's deficiency judgments. He asserted that when counsel represented him and Cole jointly, a conflict of interest resulted. This conflict, argues Devore, prevented joint counsel from bringing innocent spouse and agency defenses which would have diminished his tax liability. The tax court denied these motions.

## DISCUSSION

■ A tax court's decision not to reopen a record for the submission of new evidence "is not subject to review except upon a demonstration of extraordinary circumstances which reveal a clear abuse of discretion." *Nor–Cal Adjusters v. Commissioner*, 503 F.2d 359, 363 (9th Cir.1974).

■ The facts of Devore's case constitute "extraordinary circumstances." One spouse was in a substantially weaker position with reference to the other. Devore earned a negligible income while his wife controlled a significant sum of money. Devore was unsophisticated in tax matters and was excluded from the financial affairs of his wife.

Our research uncovered only one case that is directly on point. In *Wilson v. Commissioner*, 500 F.2d 645 (2nd Cir. 1974), a husband and wife had filed joint tax returns. The husband earned a much larger income than his wife. A deficiency judgment was entered against the couple. Throughout the tax proceedings, they were jointly represented by the same attorney. However, they were also engaged in a simultaneous annulment action. In the annulment action, the husband was represented by the same attorney who represented the couple in the tax proceedings.

The Second Circuit held that it could "reverse a discretionary denial by the Tax Court of post-opinion motions only if there are shown to be 'extraordinary circumstances.'" *Wilson* 500 F.2d at 648, quoting *Pepi, Inc. v. C.I.R.*, 448 F.2d 141, 148 (2nd Cir.1971). The court held that the facts in *Wilson* were sufficiently compelling to constitute "extraordinary circumstances." The attorney could not competently advance the interests of the wife in the tax proceedings while representing the husband in a separate annulment action. It thus reversed the tax court's denial of Mrs. Wilson's post-opinion motions. It remanded the case to the tax court, allowing Mrs. Wilson to present evidence explaining her failure to seek the advice of independent counsel and to raise the annulment issue.

The facts supporting Devore's claim of "extraordinary circumstances" are at least as compelling as those of *Wilson*. In *Wilson*, the attorney represented both the husband and wife in tax proceedings while representing the husband in a simultaneous annulment litigation. However, the couple was still married at the time of the tax proceedings. In the instant case, the parties were separated in 1976 and divorced in 1978. The trial did not take place until

1989. By this time, the marriage was clearly over. Arguably, Devore's interests were compromised by counsel's simultaneous representation of Devore and Cole.

Accordingly, we remand to the tax court for an evidentiary hearing to determine if Devore was prejudiced by his former counsel's conflict of interest and to establish the reasonableness of his failure to retain independent counsel. If Devore satisfies these burdens, he should be granted a new trial at which innocent spouse and agency defenses may be asserted.

REVERSED and REMANDED.