51 F.3d 282
 75 A.F.T.R.2d 95-1644, 95-1 USTC P 50,226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elizabeth TAVLIAN, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
Bedros TAVLIAN, Petitioner-Appellant,
v.
COMMISSIONER INTERNAL REVENUE SERVICE, Respondent-Appellee.
 Nos. 93-70841, 93-70848.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1995.
March 30, 1995.
 
 1
 Before: SCHROEDER and KLEINFELD, Circuit Judges, and KING, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 We have considered all the points raised on appeal, and affirm.
 
 
 4
 Elizabeth Tavlian argues that the stipulation in which she agreed to the admission of the ledgers should be deemed invalid. Her dispute, though, is immaterial. She disputes the accuracy of the ledgers as a measure of her income, not whether the ledgers were from her immigration business. She stipulated that the documents were from her immigration business, not that they were accurate. She presented evidence that the ledgers did not accurately reflect her income, but the Tax Court found that they did, once her fraudulent code for hiding income was decoded. Elizabeth Tavlian does not argue that this determination was clearly erroneous. See Rockwell v. CIR, 512 F.2d 882, 884 (9th Cir.1975).
 
 
 5
 Elizabeth Tavlian also argues that the IRS should have been required to have a custodian testify. The IRS did not need to establish a chain of custody, as she claims, because sufficient foundation was laid to show that these distinctive ledgers were the ones seized from her. She admitted that the ledgers were her records from her business. She was free to present her own evidence to support her contention that the IRS altered the ledgers. The Tax Court rejection of her claim was not clearly erroneous. Federal Rule of Evidence 803(6) is inapposite. The ledgers were not a business record of the IRS, so Rule 803(6) did not require an IRS custodian.
 
 
 6
 Elizabeth Tavlian argues that without any evidence, the IRS could not make a "determination" of income as required by 26 U.S.C. Sec. 6212(a). See also United States v. Janis, 428 U.S. 433, 96 S.Ct. 3021 (1976); Scar v. Commissioner, 814 F.2d 1363 (9th Cir.1987). The IRS' determination was not a " 'naked' assessment." See Janis, 428 U.S. at 441, 96 S.Ct. at 3026. It was supported by substantial evidence--the ledgers.
 
 
 7
 Elizabeth and Bedros Tavlian's attacks on their lawyer, Jeffrey Sherman, are entirely misplaced. He appears to have achieved very good results for the Tavlians, considering the facts he had to work with, and to have conducted himself ethically and without any taint of conflict of interests, so far as the record shows. Neither of the Tavlians ever moved to disqualify Mr. Sherman. Nothing on the record showed why the Tax Court should have disqualified him sua sponte. When Mr. Sherman perceived a conflict of interests with Mrs. Tavlian, he promptly moved to withdraw. There is nothing in the record to show that he could not properly represent Mr. Tavlian after withdrawing from Mrs. Tavlian's representation. Even the motion to vacate the trial result included neither affidavit nor other evidence of representation tainted by a conflict of interests. Mr. Sherman did nothing for Mr. Tavlian which was damaging to Mrs. Tavlian. She was not bound by his stipulation on behalf of Mr. Tavlian. Her new documents she submits with her appellate brief, and which are not in the record--her consent in writing to Mr. Sherman's representation of Mr. Tavlian, and her declaration that the signature on the consent is not hers--come too late in the day.
 
 
 8
 The case at bar is not like Devore v. CIR, 963 F.2d 280 (9th Cir.1992). In Devore, the lawyer represented both spouses even though their interests were different. In the case at bar, when the spouses' interests diverged, the lawyer withdrew from the representation of one of them. The record does not show that Mr. Sherman was needed as a witness. He won the point on the 1989 return for which he might arguably have had something to say as a witness. The 1989 tax return prepared by Mr. Sherman stated that there might be additional income based on the ledgers that was not being declared because of their seizure. The Tax Court determined that the Tavlians were not liable for fraud additions for that year, because of the statement Mr. Sherman wrote.
 
 
 9
 The Tax Court did not abuse its discretion by excluding the testimony of Sylvester Bugajski at trial. Mrs. Tavlian did not list him as a witness as the rules and orders required, and did not show cause why she should be allowed to call him despite this failure.
 
 
 10
 The Tax Court did not abuse its discretion by permitting amendment of the pleadings after trial to conform to the evidence at trial, regarding the amount of the deficiencies. Tax Court Rule 41(b) provides, in part:
 
 
 11
 The Court, upon motion of any party at any time, may allow such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues....
 
 
 12
 Elizabeth Tavlian does not argue that the delay prejudiced her in any way.
 
 
 13
 Elizabeth Tavlian argues that the IRS was required to support the ledgers with an alternative method of proof. Weimerskirch v. CIR, 596 F.2d 358 (9th Cir.1979), held that the notice of deficiency was not entitled to the presumption of correctness without any supporting evidence. Weimerskirch only requires that the IRS support the notices of deficiency with "some substantial evidence showing that the taxpayer received income from the charged activity." Id. at 360 (emphasis added). The ledgers were sufficient to meet the Weimerskirch requirement. Moreover, the IRS supported the accuracy of the ledgers with cancelled checks and the testimony of witnesses. In fact, the very bank account data that Elizabeth Tavlian claims was necessary to support the IRS position was produced. The Tax Court concluded that the bank account data supported the ledgers' accuracy. Elizabeth Tavlian does not argue that this determination was clearly erroneous. See Rockwell, 512 F.2d at 884.
 
 
 14
 Elizabeth Tavlian argues that arithmetic errors resulted in a judgment amount greater than that which the evidence supported. The amount of error was small, $5,291 out of over $1,100,000, and did not impair the substantial basis for the judgment. Mrs. Tavlian's own fraudulent concealment of her income prevented an exact determination. Because the decoded ledgers were proved to have greatly understated Mrs. Tavlian's income, there was a substantial basis for concluding that the understatement in her favor greatly exceeded the small error against her.
 
 
 15
 Mrs. Tavlian claims that the IRS should have called more witnesses to support the accuracy of the ledgers. If more witnesses could have helped her case, she could have called them herself.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge, for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3