86 F.3d 1162
 77 A.F.T.R.2d 96-2340, 96-2 USTC P 50,386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John M. MONAHAN; Rita K. Monahan, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 94-70847.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 9, 1996.
Decided May 31, 1996.
 
 Before: GOODWIN, SKOPIL, and SCHROEDER, Circuit Judges.
 
 MEMORANDUM*
 
 1
 Taxpayers appeal the determination that they owe additional taxes for 1984-88, contesting the tax court's findings that the sale of a partnership interest in 1984 created a taxable gain because it relieved taxpayers of debt, and that alleged payments on the debt and other financial dealings were sham transactions. We have carefully reviewed the record and the tax court's decision, and we conclude that the tax court's findings of fact are not clearly erroneous. We agree with the tax court that taxpayers had ultimate control of the monies involved in all of the transactions at issue.
 
 
 2
 Taxpayers also claim legal error in the tax court's conclusion that the notice of deficiency was timely. We reject this claim. The tax court correctly determined that the notice of deficiency was timely for tax year 1984 because the sale occurred in 1984, satisfying the gross amount requirement of 26 U.S.C. § 6501(e)(1)(A). The tax court did not err by allowing deposition statements into evidence to show when the sale took place.
 
 
 3
 Taxpayers also contend that the Commissioner is barred from asserting a sham transaction theory because it was not raised in the notice of deficiency. We agree with the tax court that the theory was properly raised as a response to taxpayers' contention that they repaid the debt. The tax court found that "petitioner, a sophisticated tax practitioner and attorney, had ample notice that the theory in question would be the focus of this case." This is all the notice that is required. See Nor-Cal Adjusters v. Commissioner, 503 F.2d 359, 362 (9th Cir.1974).
 
 
 4
 Finally, taxpayers contend that the tax court erred by denying their motion to reopen to prove that the repayment transactions were of economic substance. We reject that contention. "A tax court's decision not to reopen a record for the submission of new evidence is not subject to review except upon a demonstration of extraordinary circumstances which reveal a clear abuse of discretion." Devore v. Commissioner, 963 F.2d 280, 282 (9th Cir.1992) (internal quotation omitted). The tax court relied on evidence clearly showing that during the relevant time period taxpayers retained control over the funds. That they lost their investments many years later is not relevant to their tax liabilities for the years at issue.
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3