**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

SPENCER MEDICAL ASSOCIATES;
AUTOMOTIVE VENTURES,
INCORPORATED, formerly known as
Spencer Toyota, Incorporated, Tax
Matters Partner,

Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

No. 97-2149

Appeal from the United States Tax Court.
(Tax Ct. No. 95-17212)

Argued: May 6, 1998

Decided: July 22, 1998

Before WIDENER and MOTZ, Circuit Judges, and
HOWARD, United States District Judge for the Eastern District of
North Carolina, sitting by designation.

_____

Affirmed in part and dismissed in part by published opinion. Judge
Motz wrote the opinion, in which Judge Widener and Judge Howard
joined.

_____

**COUNSEL**

**ARGUED:** John David Copeland, LAW OFFICES OF JOHN D.
COPELAND, P.C., Dallas, Texas, for Appellants. Alice Lizbeth

Ronk, Tax Division, UNITED STATES DEPARTMENT OF JUS-TICE, Washington, D.C., for Appellee. **ON BRIEF:** Loretta C. Argrett, Assistant Attorney General, Kenneth L. Greene, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

## OPINION

DIANA GRIBBON MOTZ, Circuit Judge:

Spencer Medical Associates (SMA) appeals from a decision of the United States Tax Court sustaining an adjustment assessed by the Internal Revenue Service (IRS) to the ordinary income reported on SMA's 1990 partnership tax return, and from an order of the tax court denying a motion for reconsideration of the tax court's findings and opinion. Because SMA did not timely file a notice of appeal from the tax court's decision, we dismiss SMA's appeal of that decision for lack of jurisdiction. SMA did timely appeal the tax court's denial of its motion for reconsideration; however, the tax court did not abuse its discretion in denying the motion. Thus, we affirm the tax court's decision denying SMA's motion for reconsideration.

I.

Pursuant to 26 U.S.C.A. § 7481(a)(1) (West Supp. 1998), a decision of the tax court becomes final upon expiration of the time allowed for filing a notice of appeal. A party must file a notice of appeal within 90 days after the tax court enters its decision. 26 U.S.C.A. § 7483 (West 1989); Fed. R. App. P. 13(a). When a notice of appeal from the tax court's decision has not been timely filed, an appellate court lacks jurisdiction to hear the appeal. See Okon v. Commissioner, 26 F.3d 1025, 1026 (10th Cir. 1994); Davies v. Commissioner, 715 F.2d 435, 436-37 (9th Cir. 1983); Robert Louis Stevenson Apts. v. Commissioner, 337 F.2d 681, 682 (8th Cir. 1964); see also Alston v. MCI Communications Corp., 84 F.3d 705, 706 (4th Cir. 1996) (dismissing appeal of discrimination claim for lack of jurisdiction where appellant failed to file a timely notice of appeal).

2

The tax court filed its decision in this case on March 13, 1997. In order to meet the 90-day requirement of § 7483 and Rule 13(a), SMA had to file a notice of appeal on or before June 11, 1997. SMA did not file a notice of appeal from the tax court's decision until August 20, 1997. Unless SMA successfully extended the time available to file a notice of appeal, the notice was untimely and we lack jurisdiction.

A.

SMA asserts that we have jurisdiction over its appeal of the tax court's decision because:

> (i) Pursuant to Rule 13(a), "[t]he running of the time for appeal is terminated as to all parties by a timely motion to vacate or revise a decision . . . . The full time for appeal commences to run and is to be computed from the entry of an order disposing of such motion, or from the entry of decision, whichever is later." Fed. R. App. P. 13(a).

> (ii) Although by its express terms Rule 13(a) only contemplates restarting the time for filing a notice of appeal if the party has filed a timely motion to vacate or revise, the Ninth Circuit has recently held that a timely motion for reconsideration will also satisfy Rule 13(a). See Nordvik v. Commissioner, 67 F.3d 1489, 1493 (9th Cir. 1995).

> (iii) The motion for reconsideration that it filed on May 20, 1997, was itself timely filed, and, thus, under Nordvik it restarted the 90-day period in which to file the notice of appeal, which the Commissioner concedes was timely filed if measured from the tax court's order denying the motion for reconsideration.

We can find no case law contrary to Nordvik. Assuming, but not deciding, that we agree with Ninth Circuit on this issue, we turn to the many claims SMA makes in its attempt to demonstrate that it filed its motion for reconsideration in a timely manner.

SMA assembles the following argument in support of its contention that its motion for reconsideration was timely filed:

3

(i) Pursuant to Tax Court Rules 161 and 162, the time to file a motion for reconsideration or a motion to vacate or revise expires 30 days after the date of decision. According to SMA, that expiration date would be April 14, 1997.

(ii) It mailed a single unified motion for extension of time to file a motion for reconsideration or a motion to vacate or revise on April 9, 1997, which the court stamped as received on April 10, 1997. Thus, pursuant to 26 U.S.C.A.§ 7502 (West Supp. 1998), the motion to extend is deemed filed on April 9, the date of mailing.

(iii) Pursuant to Tax Court Rule 163, "[m]otions under Rules 161 and 162 shall be made separately from each other." Thus, on April 21, 1997, it mailed to the court separate "amended" motions for extended time to file a motion for reconsideration and a motion to vacate or revise. Although listed in the docket records as filed on April 23, 1997, pursuant to § 7502 these motions are deemed filed when mailed on April 21.

(iv) Pursuant to Tax Court Rules 41(d) and 50, the amended motions relate back to April 9, the filing date of the original unified motion.

(v) When the original unified motion for extension of time was filed on April 9, it tolled the 30-day period in which to file a motion for reconsideration. At that point, five days remained, i.e., April 10-14.

(vi) The tax court denied the motions for extension of time on May 13, 1997. Thus, SMA had five days left in which to file a motion for reconsideration or a motion to vacate or revise, i.e., it had to file on or before May 18.

(vii) SMA mailed the motion for reconsideration on May 16. Thus, although the docket does not list the motion as filed until May 20, it is deemed filed on May 16 pursuant to § 7502, which meets the May 18 deadline.

4

(viii) Because it timely filed the motion for reconsideration, the period to appeal the tax court decision restarted on May 21, 1997, the date of the tax court order denying the motion for reconsideration. As the Commissioner acknowledges, the notice of appeal is deemed filed on August 15, 1997, which was within 90 days from May 21.

B.

We must reject SMA's argument for numerous reasons.

First, SMA never filed a motion to vacate or revise the tax court's decision pursuant to Rule 162. Rather, it filed a"Motion for Reconsideration of Findings or Opinion pursuant to Rule 161." J.A. 62. A Rule 161 motion "shall be filed <u>within</u> 30 days after a <u>written opinion</u> . . . ." Tax Ct. R. 161 (emphasis added). The tax court filed its written opinion on March 12, 1997. The 30-day period therefore would have expired on April 11, 1997, <u>not</u> April 14, 1997.**1** Even if we accept the rest of SMA's timing argument, it only had two days remaining to file a motion for reconsideration when the tax court filed its May 13 order denying the motions for extension of time -- i.e., SMA had to file its motion for reconsideration on or before May 15, 1997, which it clearly did not do. Thus, accepting <u>Nordvik</u>'s rule that a Rule 161 motion for reconsideration can reset the appeal period, still we must

_____

**1** SMA does not contend that it filed a motion to vacate under Rule 162, but does suggest that we should measure the time available to file its Rule 161 motion for reconsideration from the date the tax court entered its decision, namely March 13, 1997. <u>See</u> Reply Brief of Appellant at 4-5. In contrast to Rule 161, Rule 162 states that a motion to vacate or revise a decision "shall be filed within 30 days after the <u>decision</u> has been entered." Tax Ct. R. 162 (emphasis added). Although the tax court filed its written opinion on March 12, it filed the decision on March 13. Thirty days from March 13 would have been April 12. However, April 12, 1997, was a Saturday. Pursuant to Rule 25(a)(2)(B), if the last day of a period is a Saturday or Sunday the period shall run to the end of the next day that is not a Saturday or Sunday. Tax Ct. R. 25(a) (explaining computation of time periods). Thus, the period to file a motion to vacate or revise under Rule 162 ran until the end of the day on Monday April 14, 1997. As noted in the text, however, SMA did not file a motion to vacate under Rule 162.

5

measure the timeliness of the Rule 161 motion according to the terms of Rule 161, not Rule 162. Cf. Hull v. United States, ___ F.3d ___, No. 97-1931, 1998 WL 293943, at *3 (4th Cir. June 8, 1998) (in tax cases involving the application of a limitations period, the law is technical and the task of an appellate court is to interpret and apply the law in that manner). The motion for reconsideration therefore was untimely and did not restart the period in which to file a notice of appeal.

Second, SMA contends that each of its motions are deemed filed on the day it purportedly mailed them, citing § 7502(a) as authority. Section 7502 provides that "[i]f any . . . document required to be filed . . . within a prescribed period or on or before a prescribed date under authority of any provision of the internal revenue laws is, after such period or such date, delivered by the United States mail . . . the date of the United States postmark stamped on the cover in which such . . . document . . . is mailed shall be deemed to be the date of delivery" and thus the date of filing. 26 U.S.C.A. § 7502(a)(1).

However, caselaw mandates that clearly adequate proof of mailing must exist to obtain the benefit of the "filed-when-mailed" rule. Indeed, the Second and Sixth Circuits hold that under § 7502 actual delivery of the envelope with the postmark, or a receipt for registered or certified mail, constitute the only satisfactory forms of proof. No other extrinsic evidence of mailing can be considered. See Carroll v. Commissioner, 71 F.3d 1228, 1232-33 (6th Cir. 1995); Washton v. United States, 13 F.3d 49, 50 (2d Cir. 1993) (per curiam).

By contrast, the Eighth and Ninth Circuits allow extrinsic evidence to demonstrate a document has been mailed, but this evidence must constitute direct proof of mailing. See Anderson v. United States, 966 F.2d 487, 489-91 (9th Cir. 1992); Estate of Wood v. Commissioner, 909 F.2d 1155, 1159-61 (8th Cir. 1990). In Wood , the Eighth Circuit stressed the narrowness of its holding, declaring that "only direct proof of postmark, which proof will be extraordinarily rare outside the instances specified in the statute" will suffice. Wood, 909 F.2d at 1161 (testimony of postal clerk who postmarked the envelope). Similarly, in Anderson the court required "direct proof of a timely postmark." Anderson, 966 F.2d at 491 (testimony from one who viewed postal clerk mark the envelope).

6

With a single exception,**2** the only evidence of mailing found in the joint appendix or proffered by SMA is the dates that SMA itself listed on its motions. Assuming that we would adopt the more lenient rule of the Eighth and Ninth Circuits, SMA's reference to the dates it listed on its motions hardly constitutes direct proof sufficient to deem the documents filed on those dates. SMA's argument therefore fails at each point that it relies on the "filed-when-mailed" rule to extend its time to file a motion. The motions must be deemed filed on the date received -- i.e., the date listed in the tax court docket -- not when SMA asserts, but does not prove, it mailed them.

Third, SMA contends that, pursuant to Tax Court Rules 41(d) and 50, its separate amended motions for extension of time filed on April 23 relate back to its original unified motion for extension of time allegedly filed on April 10. However, as the Commissioner points out, the relation back provision of Rule 41(d) pertains to amended and supplemental pleadings only. Rule 50 speaks only to general requirements for motions, and distinguishes between motions and pleadings. See Tax Ct. R. 41(d) and 50; see also Tax Ct. R. 30 (stating that pleadings include the petition, the answer, and the reply, unless the court otherwise allows). No rule states that a party can file an amended motion that relates back to an earlier motion for timing purposes.

Fourth, a central element of SMA's argument is that the motions to extend -- i.e., the amended motions as related back to the original motion -- tolled the 30-day period available to SMA to file an actual motion for reconsideration until the tax court disposed of the motions to extend. SMA cites no support for this proposition, and we have found none. Perhaps this is because the proposition makes little sense. If filing a motion to extend the 30-day period automatically tolled the running of the period until the court ruled on the motion to extend, regardless of the court's ruling, the court would in large measure lose the power to grant or deny an extension. If the court denies the motion

_____

**2** That exception is the Commissioner's agreement that the notice of appeal was deemed filed on August 15, 1997, because, although it was actually filed on August 20, it arrived in an envelope bearing a postmark dated August 15.

7

to extend, the 30-day period under Rule 161 or Rule 162 must expire on the natural date of expiration.

Finally, SMA asserts that, notwithstanding the tax court's earlier explicit denial of the motions for extension of time, the court's order denying the motion for reconsideration constitutes a denial on the merits that restarted the period to file an appeal. When the tax court grants leave to file an untimely motion for reconsideration and evaluates the merits of the motion for reconsideration, the time for appeal runs from the decision on the motion for reconsideration. See Manchester Group v. Commissioner, 113 F.3d 1087, 1088 (9th Cir. 1997); Nordvik, 67 F.3d at 1492. However, simply filing a motion for extension of time to file the motion for reconsideration does not restart the time for appeal where the tax court denies the motion for extension and refuses to consider the merits of the motion for reconsideration. See Haley v. Commissioner, 805 F. Supp. 834, 836 (E.D. Cal. 1992) ("To expand [Rule 13(a)] to cover motions for leave to file motions to vacate or revise out of time would be to render the timeliness requirement [of Rule 13(a)] superfluous. . . . Unlike the filing of a timely motion to vacate or revise, the filing of[a] motion for leave to file out of time would not affect the time for appeal unless the Tax Court granted the motion and considered the merits of the motion to vacate or revise."), aff'd, 5 F.3d 536 (9th Cir. 1993) (unpublished memorandum opinion).

The tax court's May 21 order denying reconsideration did not explain its rationale in express terms, but it seems quite evident that the court did not reach the merits of the motion. The tax court explicitly denied SMA's motions for extension of time on May 13. Undeterred by the court's order, SMA filed an untimely motion for reconsideration on May 20. The court summarily denied the motion for reconsideration the very next day, May 21. In our view, the court did so for a very simple reason, namely housekeeping: it had already denied the motions for extension of time and, therefore, the motion for reconsideration was untimely. Any other conclusion would eviscerate the court's earlier explicit denial of the motions for extension of time and reward SMA for ignoring the court's order. Indeed, SMA implicitly acknowledges that the tax court did not reach the merits of the motion for reconsideration in its Reply Brief. See Reply Brief of Appellant at 10 ("The Motion for Reconsideration could and should

8

have been granted, and the Court should have reached the merits of the tax issues.") (emphasis added).

II.

We turn now to SMA's appeal from the tax court's denial of its motion for reconsideration. Although, as demonstrated above, that motion was not timely filed, SMA did appeal its denial in a timely fashion. We will not disturb the tax court's denial of the motion for reconsideration absent extraordinary circumstances giving rise to abuse of discretion by the tax court. See Devore v. Commissioner, 963 F.2d 280, 282 (9th Cir. 1992); George v. Commissioner, 844 F.2d 225, 229-30 (5th Cir. 1988); LaBow v. Commissioner, 763 F.2d 125, 129-30 (2d Cir. 1985); Estate of Frieders v. Commissioner, 687 F.2d 224, 228 (7th Cir. 1982).

SMA has neither alleged nor demonstrated any extraordinary circumstances. At the outset, we note that the mere untimeliness of SMA's motion supports the court's denial. See Miksis v. Howard, 106 F.3d 754, 759 (7th Cir. 1997) ("The district court acted well within its discretion when it denied defendants' untimely motion for a medical examination."); Ayala-Gerena v. Bristol Myers Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (district court did not abuse discretion when it denied untimely motion to compel discovery); United States v. Humphreys, 982 F.2d 254, 260 (8th Cir. 1992) ("An untimely motion may be denied at the lower court's discretion."); BASF Wynadotte Corp. v. Commissioner, 532 F.2d 530, 539 (6th Cir. 1976) (tax court did not abuse its discretion when it denied both a motion for extension of time to file a motion for further trial and the untimely motion for further trial). SMA has offered no acceptable explanation for its tardiness. Compare LaBow, 763 F.2d at 129-30 (denial of untimely motion for reconsideration constituted abuse of discretion where pro se litigant made good faith effort to comply, compiled lengthy motion while embroiled in other pro se litigation, and motion included new evidence likely to change opinion of the court), with Estate of Frieders, 687 F.2d at 228 (denial of leave to file untimely motion to vacate or revise not an abuse of discretion where "[t]here was no excuse given for the delay").

Furthermore, the legal theory SMA now asserts clearly could have been raised before the tax court during trial. As SMA itself stated in

9

the motion for reconsideration, there were "sufficient facts in the record" for the court to address SMA's current theory. Cf. George, 844 F.2d at 230 (tax court did not abuse discretion in denying motion for reconsideration where taxpayer had no excuse for failing to produce evidence earlier in the case). SMA attempts to argue that the tax court did consider its current theory, see Reply Brief of Appellant at 2-3, but its motion for reconsideration makes clear that SMA did not raise that theory during trial. On the first page of the motion, SMA explicitly maintained that "[t]he parties tried this case on the issue of whether [SMA] was required to recognize a foreign currency exchange transaction gain based upon the duty of consistency. The proper issue before the Court should be whether a taxable event occurred in 1990 . . . ." J.A. 62. Indeed, the tax court ended its opinion by stating "[SMA] failed to present any evidence at trial or any other argument at trial or on brief contesting the correctness of the adjustments." (Emphasis added).

III.

In sum, we conclude that SMA did not timely file its motion for reconsideration of the tax court's opinion. Because this motion was not timely filed, the appeal period did not restart pursuant to the provisions of Fed. R. App. P. 13(a). Consequently, SMA did not timely file its notice of appeal from the tax court's decision and we lack jurisdiction to consider an appeal from that decision. Further, although the notice of appeal from the court's order denying the motion for reconsideration was timely filed, we conclude the tax court did not abuse its discretion in denying the motion because the motion was untimely and SMA has not demonstrated any extraordinary circumstances warranting reversal.

For the foregoing reasons, we dismiss the appeal from the tax court's March 13, 1997, decision and affirm the tax court's May 21, 1997, denial of the motion for reconsideration.

AFFIRMED IN PART; DISMISSED IN PART

10