**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN C. HOM,<br><br>          Petitioner - Appellant,<br><br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>          Respondent - Appellee. | No. 13-74335<br><br>Tax Ct. No. 9399-11<br><br>MEMORANDUM[*] |

Appeal from a Decision of the
United States Tax Court

Submitted March 15, 2016[**]

Before:     GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

John C. Hom appeals pro se from the Tax Court's order denying his petition

challenging assessed tax deficiencies for tax years 2005 through 2008.  We have

jurisdiction under 26 U.S.C. § 7482(a)(1).  We review de novo the Tax Court's

legal conclusions, *Ann Jackson Family Found. v. Comm'r*, 15 F.3d 917, 920 (9th

---

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 1994), and for clear error its factual determinations, *Hansen v. Comm'r*, 471 F.3d 1021, 1028 (9th Cir. 2006). We affirm.

The Tax Court properly concluded that the notice of deficiency was valid because Hom did not demonstrate that he suffered any prejudice due to an error in the notice of deficiency. *See Elings v. Comm'r*, 324 F.3d 1110, 1111-13 (9th Cir. 2003) (notice of deficiency valid where error is of a minor, technical nature and there is no showing of prejudice to taxpayer). Contrary to Hom's contention, the Commissioner's stipulations to certain claimed deductions did not disturb the presumption of correctness as to other calculations in the notice. *Hardy v. Comm'r*, 181 F.3d 1002, 1005 (9th Cir. 1999). Moreover, the Tax Court properly concluded that the notice of deficiency, as it pertained to tax year 2007, was valid because the Commissioner made a determination of Hom's 2007 tax deficiency based on a substitute tax return. *See* 26 U.S.C. § 6020(b) (Commissioner permitted to prepare substitute tax return where taxpayer fails to file timely return that is "prima facie good and sufficient for all legal purposes"); *Kantor v. Comm'r*, 998 F.2d 1514, 1521-22 (9th Cir. 1993) (explaining that a notice of deficiency is valid unless it "reveal[s] on its face that a determination had not been made using the taxpayer's return").

The Tax Court properly concluded that Hom failed to substantiate his

claimed deductions for gambling expenses. *See Sparkman v. Comm'r*, 509 F.3d

1149, 1159 (9th Cir. 2007) (taxpayer bears the burden of clearing showing the right

to the claimed deduction); *Norgaard v. Comm'r*, 939 F.2d 874, 879 (9th Cir. 1991)

(the trial court "may not be compelled to guess or estimate, . . . even though such

an estimate, if made, might have been affirmed" (citation and internal quotation

marks omitted)). Moreover, the Tax Court properly concluded that 26 U.S.C.

§ 165(d) controlled Hom's allowable deductions for gambling losses. *See Boyd v.*

*United States*, 762 F.2d 1369, 1372-73 (9th Cir. 1985) ("[The] losses at issue here

are indubitably losses from wagering transactions, and section 165(d) therefore

controls even if the losses are also business expenses within the meaning of section

162(a).").

We reject as unsupported Hom's argument regarding the alleged loan he

made to his company.

We do not review the Tax Court's denial of Hom's motion to reopen the

record because Hom has not demonstrated extraordinary circumstances to justify

our review of that issue. *See Devore v. Comm'r*, 963 F.2d 280, 282 (9th Cir. 1992)

("A tax court's decision not to reopen a record for the submission of new evidence

is not subject to review except upon a demonstration of extraordinary

circumstances which reveal a clear abuse of discretion." (internal quotation

omitted)).

We do not address matters not specifically and distinctly raised and argued in the opening brief or raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**