UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENISE CELESTE MCMILLAN, Petitioner-Appellant Pro Se, | No. 13-73139 |
| Petitioner-Appellant, | Tax Ct. No. 4590-11 |
| v. | ORDER |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee. | |

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

The memorandum disposition filed in this case on May 15, 2017, is amended by the attached amended memorandum disposition. With this amended memorandum disposition, the panel has unanimously voted to deny appellant's petition for panel rehearing and recommend denial of appellant's petition for rehearing en banc.

The petition for rehearing en banc was circulated to the judges of the court, and no judge requested a vote for en banc consideration.

The petitions for rehearing and rehearing en banc are **DENIED**. The panel will not consider any further petitions for rehearing in response to the amended memorandum disposition.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



DENISE CELESTE MCMILLAN,
Petitioner-Appellant,

            Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE,

            Respondent-Appellee.

No.   13-73139

Tax Ct. No. 4590-11

AMENDED MEMORANDUM[*]

Appeal from a Decision of the
United States Tax Court

Submitted September 19, 2017[**]

Before:  GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Denise Celeste McMillan appeals pro se the Tax Court's denial, after a

bench trial, of her petition for redetermination of federal income tax deficiencies

for tax years 2007 and 2008.  We review the Tax Court's conclusions of law de

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo and its factual findings for clear error. *MK Hillside Partners v. Comm'r*, 826 F.3d 1200, 1203 (9th Cir. 2016). The Tax Court's finding that a taxpayer failed to meet her burden of proving that she was entitled to claimed deductions is reviewed for clear error. *Sparkman v. Comm'r*, 509 F.3d 1149, 1159 (9th Cir. 2007). We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm the Tax Court's judgment.

The Tax Court properly considered the factors set forth in 26 C.F.R. § 1.183-2(b)(1)-(9) and did not clearly err in finding that McMillan did not engage in horse activity for profit in 2007 and 2008, and therefore was not entitled to take income tax deductions for expenses arising from that activity. *See* 26 U.S.C. § 183(b)(2); *Hill v. Comm'r*, 204 F.3d 1214, 1218 (9th Cir. 2000); *Wolf v. Comm'r*, 4 F.3d 709, 713 (9th Cir. 1993). The Commissioner was not bound to allow deductions permitted in prior tax years. *See Little v. Comm'r*, 106 F.3d 1445, 1453 (9th Cir. 1997).

The Tax Court did not err in disallowing a casualty loss deduction on the basis of the death of McMillan's horse from disease. *See* 26 U.S.C. § 165(c)(3); *United States v. Flynn*, 481 F.2d 11, 13 (1st Cir. 1973) (casualty losses to horses, largely due to illness or disease, were "clearly not allowable").

The Tax Court did not clearly err in finding that the expenses of a lawsuit were not directly connected with McMillan's information technology business, and therefore were not deductible as ordinary and necessary business expenses under 26 U.S.C. §§ 162(a) and 212. *See* 26 C.F.R. § 1.162-1(a); *Inland Asphalt Co. v. Comm'r*, 756 F.2d 1425, 1427 (9th Cir. 1985).

The Tax Court did not abuse its discretion in denying McMillan's post-trial motion to reopen the record. *See Devore v. Comm'r*, 963 F.2d 280, 282 (9th Cir. 1992) (per curiam).

**AFFIRMED.**